**James Earl ELDRED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54732.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 28, 1979.

Robert B. Maloney, Dallas, on appeal only, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and J. William Booth, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

Appeal follows a conviction for aggravated robbery where punishment was enhanced to life imprisonment. V.T.C.A. Penal Code, Secs. 31.03 and 12.42(d). Four grounds of error are presented. We affirm.

In his first ground of error, appellant claims error in the refusal of the trial court to grant his specially requested charge on the lesser included offense of theft. Appellant argues that the evidence relied on by the State to establish the aggravated robbery also established a theft; therefore, a charge on theft as a lesser included offense was required. *Campbell v. State*, 571 S.W.2d 161 (Tex.Cr.App.1978).

In *Campbell*, supra, we held that theft was a lesser included offense of aggravated robbery. However, *Campbell* must not be read to require a charge on theft in every prosecution for aggravated robbery. The necessity for such a charge must be determined on a case-by-case basis.

The test, set forth in *Campbell*, to be used to determine whether a charge on theft is required in a prosecution for aggravated robbery is:

" . . . not whether the primary offense is capable of proof on some theory that would not show theft, but whether the State's case as presented to prove the offense charged also included theft."

The interpretation and application of the *Campbell* test is now before us.

Under *Campbell*, two separate steps are necessary to determine if a charge on theft is required in a prosecution for aggravated robbery. First, the lesser included offense must be included within the proof necessary to establish the offense charged. If the offense charged is aggravated assault, then theft must be established by proof of the same or less than all the facts required to establish the commission of aggravated robbery before a charge on theft is required. See Article 37.09(1) Vernon's Ann.C.C.P.

Since aggravated robbery is a theft committed under certain specific and aggravating circumstances, proof of aggravated robbery should, under most circumstances, include proof of theft. V.T.C.A. Penal Code, Sec. 31.03. Indeed, if such proof is lacking, then our attention should be directed toward sufficiency of the evidence.

In appellant's case, the State produced evidence to the effect that appellant, armed with a pistol and in the company of another male subject, burst into complainant's home. At the time of this intrusion, complainant and a female who had asked to use the phone were present. Appellant threatened complainant with the gun, then "frisked" complainant looking for money. Finding no money on complainant's person, appellant escorted complainant, at gun point, to a bedroom and there removed one hundred dollars from clothing and a credit card holder belonging to complainant. Complainant was then locked in a closet as the appellant and his companion fled.

Such evidence is sufficient to cross the first hurdle of *Campbell*. In proving its case on aggravated robbery, the State established a theft. Should our inquiry end here, a charge on theft as a lesser included offense of aggravated robbery would have been required. We must, however, examine the record further in light of the second step required by *Campbell*.

The second step requires an examination of all evidence produced in the course of a prosecution for aggravated robbery. The focus here is not on the evidence which proved the statutory elements, but rather, we must search for evidence which shows that if appellant is guilty, he is guilty of the

lesser offense only. Therefore, our task is an examination of the entire record.[1]

Under our "step two" examination of the record, we are searching for any evidence which would show that if appellant is guilty at all, he is guilty only of the lesser included offense. *Thomas v. State* (No. 55,142, delivered January 17, 1979); *Williams v. State*, 575 S.W.2d 30 (Tex.Cr.App.1979); *McBrayer v. State*, 504 S.W.2d 445 (Tex. Cr.App.1974). In simpler terms, before an instruction on theft as a lesser included offense of aggravated robbery is required, the record must contain evidence which shows that if appellant is guilty, he is guilty of theft only.

*Campbell*, supra, is illustrious of a record where there was evidence that the defendant, if guilty, was guilty of the lesser included offense alone. In *Campbell*, both State and defendant agreed that a theft had occurred. However, the State offered evidence that the theft occurred under the special circumstances, making it aggravated robbery. V.T.C.A. Penal Code, Sec. 31.03. The defendant admitted the theft but denied the existence of any of the aggravating factors. Thus, there was evidence, albeit from the defendant, which, if believed, would prove the defendant was guilty only of theft, not aggravated robbery. As we noted in *Campbell*:

> "The State's version of the events and appellant's version differs on only one material point, whether the theft was accompanied by acts constituting aggravated robbery."

On such facts, the defendant in *Campbell* was entitled to a charge on theft as a lesser included offense of aggravated robbery. The reasoning is clear when one considers the dilemma facing a jury in the absence of a charge on theft in a *Campbell* fact situation. If the jury believes the defendant, they necessarily believe that the offense committed was theft. If no charge on theft

is given, then the jury has two options which are equally distasteful. The first option is to vote not guilty in a situation where they believe the defendant committed a theft. The other option is to vote guilty of aggravated robbery, an offense they believe the defendant did not commit.

The record in appellant's case does not satisfy the second step requirement of *Campbell*. The record does not show that appellant, if guilty of any offense, is guilty only of theft. The State's evidence established an aggravated robbery; however, the appellant testified on direct:

"Q. Did you, at any time, threaten (complainant) on July 7th, or at any other time?

"A. No, sir, I haven't ever threatened him at all.

"Q. Did you, at any time, take any money from (complainant) on July 7th without his consent?

"A. No, sir.

"Q. Not without his consent?

"A. No.

"Q. Now, there was some—I assume— the girl said he didn't want to pay her, or wasn't going to pay her, is that right?

"A. She said, 'He ain't paid me the money.'

"Q. And then he indicated where his money wallet was?

"A. Yes, sir.

"Q. And then, you took that to mean he was giving his consent, is that correct?

"A. Yes, sir.

"Q. Did you have a firearm with you?

"A. No, sir."

Such testimony denied the commission of any offense. Therefore, if the jury believed the State's evidence, appellant committed an aggravated robbery. If the appellant's testimony persuaded the jury, the verdict is not guilty. The appellant, if guilty at all, is guilty of aggravated robbery.

---

1. In holding that the entire record is to be considered, we have expanded *Campbell* which permitted an examination of the State's evidence alone. This modification places *Campbell* in line with *Thomas v. State* (No. 55,142, delivered January 17, 1979); *Williams v. State*, 575 S.W.2d 30 (Tex.Cr.App.1979); and *McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App. 1974).

We quote with approval from *Williams, supra,* where the defendant raised the contention that she was entitled to an instruction on theft as a lesser included offense of aggravated robbery:

"Our law provides that 'a charge on the lesser [included offense] is not required unless there is testimony raising such issue that appellant, if guilty, is guilty only of the lesser offense.' *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978); *McBrayer v. State,* 504 S.W.2d 445 (Tex. Cr.App.1974). The State's evidence showed all of the elements of aggravated robbery. Appellant did not take the stand. Robert Williams did testify for appellant; his testimony was that appellant did not stab anyone and had left the store when a fight began. Robert Williams' testimony indicates that appellant was not guilty of any offense. Thus, the State's evidence indicated that appellant was guilty as charged; the defense evidence indicated she was not guilty of any offense. Appellant was not entitled to a charge on any lesser included offense."

We hold that appellant was not entitled to a charge on theft. Ground of error one is overruled.

■ In his second ground of error, appellant complains of error by the trial court in admitting hearsay testimony from a police officer claiming that such testimony was impermissible bolstering of a witness. There being no objection at trial directed toward impermissible bolstering, ground of error two presents nothing for review. *Fazzino v. State,* 531 S.W.2d 818 (Tex.Cr. App.1976).

Likewise, in ground of error three, appellant complains of improper bolstering, resulting from testimony concerned with a photographic lineup. There being no trial objection, ground of error three presents nothing for review. *Fazzino, supra.*

■ In ground of error four, appellant complains that the enhancement paragraph of the indictment does not sufficiently allege that the prior convictions were final for purposes of enhancement. Appellant admits that our holding in *Espinosa v. State,* 463 S.W.2d 8 (Tex.Cr.App.1971) is adverse to his position, but asks us to reconsider our position. We decline this invitation and overrule ground of error four based on *Espinosa, supra.*

The judgment is affirmed.

PHILLIPS, Judge, dissenting.

I dissent. Appellant's first ground of error alleges that the trial court reversibly erred in failing to grant his specially requested charge on the lesser included offense of theft. Although I dissented from this Court's En Banc decision in *Campbell v. State,* 571 S.W.2d 161, I feel that the Panels of this Court should adhere to the decisions of the En Banc Court. Therefore, it is clear that theft can be a lesser included offense of aggravated robbery if "theft was without question proven within the facts relied on by the State to make its case of aggravated robbery." *Id.* at 162. As further stated in *Campbell,* "the issue is whether the State's case as presented to prove the offense charged included proof of theft." Turning to the facts of this case, I find the following.

First, prior to the reading of the charge of the court to the jury, appellant's trial counsel submitted two specially requested instructions which would apply the law of theft to the facts of the case and permit the jury to consider theft as a lesser included offense in deliberating on the guilt and innocence of appellant. The only difference between the two specially requested instructions is that the latter one included a range of value for the current money allegedly stolen from the complainant. Both specially requested instructions were refused by the trial court. Further, appellant's trial counsel objected to the charge of the court for the failure to include the lesser included offense charge of theft. This objection was overruled and there is a certification of the presentment of the objection before the reading of the charge and the trial court's ruling on such exception by the presiding judge. Therefore, appellant has successfully preserved this ground of error for review. See Article 36.15, V.A.C.C.P.

Second, the State presented three witnesses in its case in chief: the complainant and the two investigating police officers. The complainant testified that at approximately 9:15 p. m. on July 7, 1975, he responded to his doorbell and admitted a young woman seeking the use of his telephone on account of problems with her automobile. After apparently being unsuccessful in reaching anyone, she requested a glass of water. The complainant rose from his chair and began to obtain the glass of water when two men burst into his house, one carrying a pistol pointed at the complainant's head and stating, "Don't move, you S_ of a B_." The complainant identified the appellant as the speaking gunman. The complainant stated that the appellant struck him on the right temple, breaking his glasses and proceeded to force him upon the floor. After being frisked, he was asked where his money was. He stated it was in the bedroom and he was then forced into the bedroom with the gun at his head. The men then took more than a hundred dollars from his pants pocket and his credit card holder before placing the complainant in a hallway furnace closet. The complainant testified that the appellant said, "[W]e ought to kill the S_ of a B_." The complainant testified that his money and credit cards were taken without his effective consent. After the intruders departed, he notified the police and gave the investigating officers a description of the three individuals. The next day he identified the woman who was involved in a photograph array. Less than one month after the offense the complainant identified the defendant in another photograph array. On cross-examination, the complainant testified that he may have possibly seen the defendant once before when he was robbed two or three years previously. His identification of the appellant as the robber at that time was at best uncertain. The complainant further admitted to having five prior felony DWI convictions and admitted that he never identified any other individual, in person or by way of photograph array, as the other male intruder on July 7, 1975. On redirect examination the complainant admitted that he was possibly an alcoholic, but that he was positive about the appellant's presence and activities on the night of July 7. On recross-examination the complainant denied that the appellant was ever in his home in the company of one Jack Locklin.

The appellant testified in his own behalf and admitted prior felony convictions for theft, burglary (2), and passing a forged instrument. He further testified that he knew the complainant since he was in eighth grade through Jack Locklin and that he had been at the complainant's home numerous times. He testified that the complainant bought him and Jack Locklin beer and lent them his auto. This relationship continued until the appellant entered prison on his first felony conviction. He testified that he had engaged in homosexual relationships (oral sodomy) with the complainant as did his companion Jack Locklin. With respect to the events of July 7, 1975, the appellant testified that he took a woman by the name of Nancy Nabors to the complainant's home after she had asked him if he knew of any way she could make money. Appellant testified that he knew she was a prostitute from his prior familiarity with her. They arrived at the complainant's home, rang his doorbell, and were shortly thereafter invited to enter. After sitting a short while in the complainant's living room, the woman asked where the complainant's bathroom was and the complainant escorted her to the bathroom in his bedroom, passing by the bathroom in the hallway. Appellant testified that he sat in the living room watching television for approximately 20 to 25 minutes at which time he was called back to the bedroom. The woman told the appellant the victim would not pay her what he owed her for her services. Appellant then asked the complainant whether he would pay, to which he received no response. When he asked the complainant where his money was, the complainant pointed to his billfold on a table at which time the appellant took $50.00 out. Thereupon appellant and the woman departed. The appellant testified that the only people present in the complainant's

home that evening where he, the woman, and the complainant, that he did not harm the complainant, that he did not threaten the complainant with any harm, and that he did not have any firearm or gun. He further testified that he thought that the complainant's silence was a tacit approval of his taking of the money. On cross-examination the appellant testified that the complainant was not wearing any glasses when he entered and that he used his glasses only for reading.

Upon being recalled by the State, the complainant testified that he had met Jack Locklin in 1966 or 1967 when he picked him up while walking along a highway. He stated that he had given Jack Locklin beer but had no sexual relations with him. He admitted having sexual relations with Jack Locklin's brother, Roger. He testified that he was previously robbed by Jack Locklin's brother, Roger, but did not report his name to the police for fear of shame and adverse publicity to his business. He testified that Roger Locklin blackmailed him for approximately five or six months with threats of destroying his business if payments of money were not forthcoming. He testified that he provided Jack Locklin beer only in order to have sexual relations with Roger Locklin. The complainant admitted that he was bisexual, but that he had no sexual relations with anyone on July 7, 1975.

Jack Locklin testified that he was the appellant's brother-in-law by way of marriage to the sister of appellant's wife. He testified that he was often in the complainant's home and that the complainant was introduced to the appellant by him. Appellant and Jack Locklin were acquainted as fellow students in the same grade school. When recalled by the State, Jack Locklin testified that he drank beer, played poker, and had sexual relations with the complainant while at his home. He further testified that he did not know whether the complainant had sexual relations with the appellant or his brother, Roger Locklin.

The majority admittedly reinterprets the decision reached in *Campbell*, supra, to create a two-tiered approach to the question of whether a defendant is entitled to a requested instruction on a lesser included offense. In addressing the second step of their analysis, the majority now requires that the State be guaranteed at least some reward for its efforts in that they require a judicial confession to the lesser offense before an instruction on it is required.

In this case the "taking" was the only undisputed element. Appellant subjectively thought he had complainant's "effective consent" while complainant denied same. The use of a weapon was likewise disputed. If the jury system is to have any meaning, the jury should be given the entire range of potential offenses supported by the charges and evidence. Otherwise, under the majority's interpretation of *Campbell*, supra, the jury must believe all or none of the testimony of the State's witnesses. Here it is reasonable that the jury would have disbelieved the complainant's testimony about the weapon and the appellant's testimony about this subjective belief that he acted with the complainant's "effective consent." In other words, the evidence is sufficient to sustain a conviction for aggravated robbery *or* theft! Appellant was entitled to his requested instruction. I dissent.