Opinion issued February 1, 2007












In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00921-CR

____________


ARNULFO GARCIA a/k/a ARNULFO GARZA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1014596






O P I N I ON A jury convicted appellant, Arnulfo Garza a/k/a Arnulfo Garcia, of possession
of more than 400 grams of cocaine with the intent to deliver and assessed punishment
at 25 years' confinement and a $9,000 fine. In three points of error, appellant
contends that (1) the trial court erred by denying his motion to suppress the evidence
obtained in a search of his vehicle and incident to his arrest, (2) the trial court erred
by denying his requested jury instruction on the lesser-included offense of possession
of a controlled substance, and 3) the evidence is legally insufficient to support his
conviction for possession of a controlled substance with the intent to deliver. We
affirm. 

Background

 Prior to appellant's arrest, he had become a target in an undercover narcotics
investigation headed by Deputy D. Coker, an officer with the Harris County Sheriff's
Office. On January 26, 2005, Deputy Coker had asked Deputy A. McConnell to look
out for a red 2000 Dodge Durango because Coker had received an anonymous tip that
appellant would be in the vehicle. When McConnell saw the red Dodge Durango, he
pulled it over because he noticed that it did not have a front license plate, in violation
of Texas law. (1) As Deputy McConnell approached the driver's side of the vehicle,
where appellant was sitting, he noticed appellant quickly reach between his legs. 
Throughout questioning by Deputy McConnell, appellant appeared nervous, was
shaking, and glanced furtively at his passenger. The passenger twice tried to get out
of the vehicle, first being ordered back in by Deputy McConnell and the second time
being detained by another officer. After Deputy McConnell learned that appellant
was driving without a valid Texas driver's license, also a violation of Texas law, (2) he
ordered appellant to get out of the vehicle. Back-up officers handcuffed both
appellant and his passenger while Deputy McConnell searched the vehicle. Deputy
McConnell's search of the vehicle first revealed a handgun lying on the passenger's
side floorboard next to a box of ammunition. The deputies recovered a 500-gram
brick of cocaine, in a plastic shopping bag, from the driver's side floorboard, where
appellant had been seated. More cocaine was recovered from the center console (.41
grams) and in the cigarette lighter (.07 grams). 

Motion to Suppress

 In his first point of error, appellant contends that the trial court erred in not
suppressing evidence obtained from the search of the vehicle he was driving when he
was arrested. Specifically, he contends that the arrest was unlawful because
McConnell said that he arrested both appellant and the passenger for possession of
the same weapon.

 To arrest an individual, an officer must have probable cause. State v. Ballard,
987 S.W.2d 889, 892 (Tex.Crim.App.1999). Probable cause for an arrest exists when,
at that moment, facts and circumstances within the knowledge of the arresting officer,
and of which he has reasonably trustworthy information, would warrant a reasonably
prudent person in believing that a particular person has committed or is committing
a crime. Id. 

 Here, McConnell had probable cause to arrest appellant because he witnessed
appellant committing two traffic violations. See Tex. Transp. Code Ann. § 502.404
(Vernon 1999) (defining offense of operating passenger car on public highway
without a license plate at the front and rear of the vehicle); see also Tex. Transp.
Code Ann. § 521.025 (Vernon 1999) (defining offense of failing to display driver's
license on demand of police officer). Article 14.01(b) of the Texas Code of Criminal
Procedure allows a peace officer to arrest "an offender without a warrant for any
offense committed in his presence or within his view." Tex. Code Crim. Proc.
Ann. art. 14.01(b) (Vernon 2005). Section 543.001 of the Texas Transportation Code
allows any peace officer to arrest without a warrant a person found committing a
traffic violation, except for speeding or a violation of the open container law. Tex.
Transp. Code Ann. § § 543.001, .004(a)(1) (Vernon 1999). An arrest for a minor
traffic violation is not an unreasonable seizure under the Fourth Amendment. 
Atwater v. City of Lago Vista, 532 U.S. 318, 340, 354 (2001); State v. Gray, 158
S.W.3d 465, 469 (Tex. Crim. App .2005). 

 Because there was a legitimate basis for arrest, it is irrelevant that McConnell
stated that he arrested appellant for possessing the gun recovered from the car. An
officer's subjective reasons for the detention or arrest are not considered. See Garcia
v. State, 827 S.W.2d 937, 942 (Tex. Crim. App. 1992); see Walter v. State, 28 S.W.3d
538, 543 (Tex.Crim. App. 2000).

 Having lawfully arrested appellant, McConnell was entitled to perform a search
incident to arrest of the passenger compartment of the vehicle appellant was driving
when arrested. See Chimel v. California, 395 U.S. 752, 762-63, 89 S. Ct. 2034, 2040
(1969); New York v. Belton, 453 U.S. 454, 459-60, 101 S. Ct. 2860, 2864 (1981);
Osban v. State, 726 S.W.2d 107, 111 (Tex. Crim. App. 1986).

 We overrule appellant's first issue. 

Lesser-Included Offense 

 In his second point of error, appellant argues that the trial court erred in
refusing to instruct the jury on the lesser-included offense of possession of a
controlled substance. See Tex. Health & Safety Code Ann. § 481.115 (Vernon
2003). Appellant contends that he was entitled to an instruction on the lesser-included offense of possession because there was some evidence in the record that he
did not intend to deliver the cocaine found in the car he was driving.

 Before an instruction on a lesser-included offense is warranted, a two-pronged
test must be satisfied: (1) the lesser-included offense must be included within the
proof necessary to establish the offense charged, and (2) some evidence must exist
in the record that would permit a jury rationally to find that if the defendant is guilty,
he is guilty only of the lesser offense. See Upchurch v. State, 23 S.W.3d 536, 538
(Tex. App.--Houston [1st Dist.] 2000, pet. ref'd).

 Possession of a controlled substance is a lesser-included offense of possession
of a controlled substance with the intent to deliver. Upchurch, 23 S.W.3d at 538; see
Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.--Houston [1st Dist.] 2001, pet.
ref'd). The less-easily satisfied second prong asks whether there is "'anything more
than a scintilla of evidence'" that would permit a rational jury to find that the
appellant is guilty only of the lesser offense. Upchurch, 23 S.W.3d at 538 (quoting
Jones v. State, 921 S.W.2d 361, 364 (Tex. App.--Houston [1st Dist.] 1996, pet.
ref'd)). As this Court has consistently explained, the issue "'is whether any evidence
exists in the record that would permit a rational jury to find that the defendant is
guilty only of the lesser included offense . . . .'" Id. (emphasis in the original). An
appellate court may not consider whether the evidence is controverted, in conflict
with other evidence, or credible. Upchurch, 23 S.W.3d at 538.

 In this case, the first prong is easily satisfied, and, thus, the only remaining
issue is whether there is more than a scintilla of evidence that would permit a rational
jury to find that if appellant is guilty, he is guilty only of possession of a controlled
substance. Relying heavily on our decision in Upchurch, appellant contends that he
was entitled to an instruction on the lesser-included offense of possession because at
trial he testified that he did not agree to sell the cocaine that was found in the car he
had been driving. Specifically, appellant testified as follows: 

 [Defense Counsel]: Did you ever see a package in the 

 front seat of [Pablo Coy's] vehicle?


 [Appellant]: No, sir. 


 [Defense Counsel]: Had you agreed to sell cocaine with him?


 [Appellant]: No, sir.

 

 In Upchurch, this Court held that an instruction on the lesser-included offense
of possession must be included in the charge if there is any evidence that the
defendant did not intend to deliver drugs found in his possession at the time of his
arrest. Id. In that case, therefore, the instruction was required when 100 grams of
cocaine were found in the appellant's trunk, but appellant testified, at length during
trial, that he had decided to leave the narcotics trade shortly before his arrest. Id. at
538-40. The facts in this case are distinguishable.

 Here, the cocaine involved was a 500-gram brick, worth nearly $50,000, and
there was no evidence that appellant possessed the cocaine for his personal use. See
Valencia, 51 S.W.3d at 424; see also Hanks v. State, 104 S.W.3d 695, 700 (Tex.
App.--El Paso 2003), aff'd, 137 S.W.3d 668 (Tex. Crim. App. 2004) (holding that
instruction on lesser-included offense of possession not required when appellant did
not testify at trial that he possessed cocaine, 46.2 grams, for personal use with no
intention to deliver, but instead denied possessing cocaine). 

 In this case, appellant affirmatively denied possessing, or even noticing the
cocaine at all. Appellant's testimony, taken in context, was that he did not know that
the cocaine was in the vehicle, so of course he did not agree to sell it. See Lofton v.
State, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001) (holding that "[a] defendant's own
testimony that he committed no offense, or testimony which otherwise shows that no
offense occurred at all, is not adequate to raise the issue of a lesser-included
offense"). 

 This case is very similar to the case of Eldred v. State, 578 S.W.2d 721, 723
(Tex. Crim. App. 1979). In Eldred, the defendant was charged with aggravated
robbery. Id. at 723. During direct examination of the defendant, the following
exchange took place:

 [Defense Counsel]: Did you, at any time, threaten (complainant) on July
7th, or at any other time?


 [Defendant]: No, sir, I haven't ever threatened him at all.


 [Defense Counsel]: Did you, at any time, take any money from
(complainant) on July 7th without his consent?


 [Defendant]: No, sir.


 [Defense Counsel]: Not without his consent?


 [Defendant]: No.


 [Defense Counsel]: Now, there was some I assume the girl said he didn't
want to pay her, or wasn't going to pay her, is that right?


 [Defendant]: She said, "He ain't paid me the money."


 [Defense Counsel]: And then he indicated where his money wallet was? 


 [Defendant]: Yes, sir.


 [Defense Counsel]: And then, you took that to mean he was giving his
consent, is that correct?


 [Defendant]: Yes, sir.


 [Defense counsel]: Did you have a firearm with you?


 [Defendant]: No, sir.


 The court of criminal appeals held that this testimony "denied the commission
of any offense," and that "appellant, if guilty at all, is guilty of aggravated robbery." 
Id. at 723. We find it noteworthy that the defendant's denial of possessing a firearm
did not raise the lesser included offense of robbery because, in the other parts of his
testimony, he denied committing the theft.

 Similarly, in this case, appellant's testimony that he had not "agreed to sell
cocaine" does not raise the lesser included offense of possession because in other
portions of his testimony he denies knowing about, or possessing, the cocaine. Like
the defendant in Eldred, if the jury believed appellant's testimony, it would find him
not guilty of any offense.

 Therefore, we find that appellant's testimony at trial amounts to no more than
a scintilla of evidence showing that he is guilty only of possession and had no
intention to deliver the cocaine. Instead, appellant's evidence asserts that he was not
guilty of either possession or possession with intent to deliver. Accordingly, the trial
court did not err in failing to instruct the jury on the lesser-included offense. 

 We overrule appellant's second issue. 

Legal Sufficiency 

 In his third point of error, appellant argues that the evidence is legally
insufficient to support his conviction for possession of a controlled substance with
the intent to deliver. In evaluating the legal sufficiency of the evidence, we must
view the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000); see also Roberson v. State, 80 S.W.3d 730, 734 (Tex. App.--Houston [1st
Dist.] 2002, pet. ref'd). Although our analysis considers all evidence presented
during trial, we may not reweigh the evidence and substitute our judgment for that of
the jury. King, 29 S.W.3d at 562; Roberson, 80 S.W.3d at 734. 


 Possession of a Controlled Substance with the Intent to Deliver


 To convict an accused of unlawful possession of a controlled substance with
the intent to deliver, the State must prove both that the accused possessed the
controlled substance and that he also had the requisite intent to deliver. 


 Possession of a Controlled Substance 


 To prove possession, the State must show that the accused (1) exercised actual
care, custody, control or management of the controlled substance, and (2) was
conscious of his connection with it and knew what it was. See Tex. Health &
Safety Code Ann. § 481.002(38) (Vernon 2003 & Supp. 2006), § 481.112(a)
(Vernon 2003); Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
Though the accused need not have exclusive possession of the drug, mere presence
in the vicinity of a controlled substance or where contraband is being used or
possessed by others does not, by itself, support a finding that a person is a party to an
offense. Harvey v. State, 487 S.W.2d 75, 77 (Tex. Crim. App. 1972); Martin v. State,
753 S.W.2d 384, 387 (Tex. Crim. App. 1988); Roberson, 80 S.W.3d at 735. When,
as here, the accused is not in exclusive possession of the place where the contraband
is found, there must be additional, independent facts and circumstances that
affirmatively link him to the contraband in such a way that it can be concluded that
the accused had knowledge of the contraband and exercised control over it. Deshong
v. State, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981); Roberson, 80 S.W.3d at 735. 
An affirmative link generates a reasonable inference that the accused knew of the
contraband's existence and exercised control over it; such a link may be established
through either direct or circumstantial evidence. Johnson v. State, 658 S.W.2d 623,
627 (Tex. Crim. App. 1983), rev'd on other grounds, Woods v. State, 956 S.W.2d 33
(Tex. Crim. App. 1997); Dickerson v. State, 866 S.W.3d 696, 700 (Tex.
App.--Houston [1st Dist.] 1993, pet. ref'd); Brown, 911 S.W.2d at 747.

 The court of criminal appeals has identified several factors that may help to
establish an affirmative link between an accused and the contraband, including (1)
whether the contraband was in plain view; (2) whether the contraband was
conveniently accessible to the accused; (3) whether the accused was the driver of the
vehicle in which the contraband was found; (4) whether the contraband was found on
the side of the vehicle where the accused was sitting; (5) whether conduct by the
accused indicated a consciousness of guilt; and (6) the amount of the contraband
found. (3) Roberson, 80 S.W.3d at 735, n. 2 (citing Hurtado v. State, 881 S.W.2d 738,
743, n. 1 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd)); Whitworth v. State, 808
S.W.2d 566, 569 (Tex. App.--Austin 1991, pet. ref'd). The affirmative-link
terminology does not constitute a unique legal rule, but is only a shorthand way of
expressing what must be proven to establish that drugs were possessed knowingly or
intentionally. Brown, 911 S.W.2d at 747. Indeed, the number of linking factors
present is not as important as the "logical force" they create to prove that the crime
was committed. Hurtado, 881 S.W.2d at 743; Roberson, 80 S.W.3d at 735. 

 In this case, the evidence shows that appellant had multiple affirmative links
to the cocaine. Appellant was the driver of a vehicle in which a very large amount -
more than 500 grams - of cocaine was found. The majority of the cocaine, indeed the
brick of cocaine weighing 500 grams, was found on the driver's side floorboard, in
plain view and conveniently accessible to the appellant. After the appellant had been
pulled over, he reached furtively between his legs and toward the floor. And, while
the arresting deputy questioned him, appellant was shaking, appeared very nervous,
and glanced frequently at his passenger before answering. In this case, we believe
there were sufficient affirmative links between the appellant and the contraband to
conclude that appellant knowingly possessed the cocaine.


 Intent to Deliver


 To prove the offense of possession of a controlled substance with the intent to
deliver, the State must prove, in addition to possession, that the accused intended "to
transfer, actually or constructively, to another a controlled substance . . . ." Tex.
Health & Safety Code Ann. § 481.002(8) (Vernon 2003 & Supp. 2006), §
481.112(a) (Vernon 2003). Intent to deliver a controlled substance can be proved by
circumstantial evidence, including evidence regarding an accused's possession of the
contraband. Mack v. State, 859 S.W.2d 526, 528 (Tex. App.--Houston [1st Dist.]
1993, no pet.). Additional factors that this Court has considered in determining
whether the accused had the intent to deliver include (1) the nature of the location at
which the accused was arrested; (2) the quantity of contraband in the accused's
possession; (3) the manner of packaging; (4) the presence, or lack thereof, of drug
paraphernalia for either use or sale; (5) the accused's possession of large amounts of
cash; and (6) the accused's status as a drug user. Williams v. State, 902 S.W.2d 505,
507 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). Expert testimony by
experienced law enforcement officers may also be used to establish an accused's
intent to deliver. See Mack, 859 S.W.2d at 529. An oral expression of intent is not
required; intent can be inferred from the acts, words, and conduct of the accused. 
Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). 

 In this case, Deputy Coker, an experienced undercover narcotics officer in the
Harris County Sheriff's Office, testified that, based on an anonymous tip, he
requested surveillance of a certain area of I-10, looking specifically for appellant,
who had become a target in his narcotics investigation. Deputy Coker also testified
that the amount of cocaine possessed by appellant, more than 500 grams in the form
of a brick, was more than people generally have for personal use and indicated that
the appellant had likely intended to sell the cocaine. Additionally, no drug
paraphernalia for the use of cocaine was found in the vehicle or on appellant's person. 
See Mack, 859 S.W.2d at 529 (finding that absence of paraphernalia for smoking or
using cocaine supports inference that accused intended to deliver, rather than
consume, contraband). Texas courts have upheld convictions for intent to deliver
with less evidence than that presented in the present case. See Mack, 859 S.W.2d at
528-29 (8.9 grams of crack cocaine, no drug paraphernalia, appellant arrested in
known drug-dealing area, and expert testimony); Branch v. State, 833 S.W.2d 242,
245 (Tex. App.--Dallas 1992, pet. ref'd) (17 packets of cocaine weighing less than
28 grams, $732 in cash, no drug paraphernalia or other signs of drug use, and expert
testimony). The evidence in this case satisfied enough of the factors considered in
establishing that the appellant had the intent to deliver. 

 Thus, after reviewing the evidence in the light most favorable to the verdict,
we conclude that a rational jury could have found, beyond a reasonable doubt, that
appellant was guilty of possession of a controlled substance, namely cocaine, with the
intent to deliver.


 Variance.


 In his third point of error appellant also complains about a variance;
specifically, that the State did not prove his name as set forth in the indictment. (4) 

 The purpose of naming the accused is for his identification. Naming is a matter
of form that can be altered at the accused's election. Jones v. State, 504 S.W.2d 442,
444 (Tex. Crim. App. 1974). "When the defendant is arraigned, his name, as stated
in the indictment, shall be distinctly called; and unless he suggests by himself or
counsel that he is not indicted by his true name, it shall be taken that his name is truly
set forth, and he shall not thereafter be allowed to deny the same by way of defense."
Tex. Code Crim. Proc. Ann. art. 26.07 (Vernon 1989). As stated in Jones, "should
the accused suffer this defect of form to remain in the indictment, he must suffer the
consequences of his election, unless the defect is such as to prejudice his substantial
rights." Jones, 504 S.W.2d at 444.

 In the present case, neither appellant nor his counsel objected to appellant's
name--Arnulfo Garcia--as presented in the indictment. Thus, pursuant to article
26.07, appellant cannot assert by way of defense that Arnulfo Garcia is not his true
name. 

 Nevertheless, when appellant continued to refer to himself as Arnulfo Garza
during trial, the indictment was changed to show "Arnulfo Garcia a/k/a Arnulfo
Garza." When the evidence shows an accused has been known by another name and
such information is relevant to the case, the alias would be properly included in an
arraignment and in the jury charge. See, e.g., Toler v. State, 546 S.W.2d 290, 292-93
(Tex. Crim. App. 1977); Hornsby v. State, 237 S.W. 94, 941 (Tex. Crim. App. 1921);
Tex. Code Crim. Proc. Ann. art. 21.07 (Vernon Supp. 2006). In this case, there was
evidence that appellant was known by both names alleged in the indictment. Such
fact was relevant because Deputy Coker testified that he had information that Arnulfo
Garcia and Pablo Coy would be in the red Dodge Durango that he had under
surveillance. As such, the inclusion of both names in the indictment was proper.

 Accordingly, we overrule appellant's third point of error.





Conclusion

 We affirm the judgment of the trial court. 



 

 

 Sherry Radack

 Chief Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.


Publish. Tex. R. App. 47.2(b).
1. § 
2. See Tex. Transp. Code Ann. § 521.025 (Vernon 1999).
3. 
 
 
 
 
 
 
 
 
 -- '
4. 
 
 " "