

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-1649-13

**DONNIE LEROY KACHEL, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TENTH COURT OF APPEALS
## MCLENNAN COUNTY

KEASLER, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, HERVEY, ALCALA, and YEARY, JJ., joined. RICHARDSON, J., filed a concurring and dissenting opinion, in which JOHNSON, J., joined. NEWELL, J., concurred.

## O P I N I O N

The State charged Donnie Kachel with indecency with a child by exposure. After initially denying his presence at the scene, Kachel admitted to changing clothes in the street outside the victim's home, but claimed that he saw only an adult woman and requested a lesser-included instruction on indecent exposure. The judge denied the request, and the court of appeals affirmed. Because there was some evidence that Kachel exposed himself only to

an adult, we reverse and remand the cause to the court of appeals for a harm analysis.

## I. Facts and Procedural History

On the evening of October 22, 2010, Katerina Jones and her nine-year-old daughter returned to their Waco home after a day of shopping. As the two were about to enter their home, the daughter exclaimed: "Mom, that man has no clothes on." Jones turned and saw a man standing naked in the street and behaving "weird, like he was on drugs." In a panic, Jones unlocked the door, rushed in with her daughter, and locked the door behind her. She then called a relative for help, before reporting the incident to 911. While they were waiting for help, Jones feared that the man would attempt to break into her house, and her daughter began to cry. Jones later testified that each time she peered through her blinds to see if the man was still outside, he reacted by thrusting his pelvis forward and fondling himself. When Jones's relative arrived, the man got into his truck and stared with a "crazy look" before speeding away.

Shortly thereafter, a police officer patrolling a nearby truck stop came upon Kachel, whose truck matched the description given by Jones. As the officer approached the truck, he saw Kachel in the driver's seat nervously trying to clothe himself. When questioned, Kachel told the officer that he had parked at the truck stop on his way home from work in order to change his clothes. He also denied being near Jones's house on Richter Avenue. Kachel then stated that he was in fact going to a friend's apartment located on Richter Avenue. Then Kachel changed his story again, stating that he had changed out of his dirty

and greasy work clothes on Richter Avenue, before going to his friend's apartment. He explained that he was not familiar with the area and did not know at the time that there was a truck stop nearby where he could have changed instead. Jones and her daughter identified Kachel at the truck stop as the naked man outside their house.

After his arrest, Kachel admitted to drinking beer and smoking methamphetamine before he left for his friend's apartment. He also admitted to smoking methamphetamine while on Richter Avenue before changing his clothes. Kachel claimed that, while he was changing his clothes, he saw a woman pull into her driveway, exit her car, and look toward him. He explained that this caused him to flee because he had been standing in the street in his thong underwear. But he claimed to have seen no one other than the woman and denied being naked, masturbating, or displaying his genitals. He also stated that the woman had been two houses away from him and that he had been changing on the other side of his truck.

The State charged Kachel with indecency with a child by exposure, a third-degree felony.[1] At trial, Kachel did not present any evidence, but did request a jury instruction on the lesser-included offense of indecent exposure, a Class B misdemeanor.[2] The judge, however, denied the request, holding that there was no evidence of the lesser-included offense because Kachel denied any exposure at all at the scene and during his post-arrest interview. The jury convicted Kachel of indecency with a child by exposure and assessed

---

[1] *See* TEX. PEN. CODE § 21.11(a)(2)(A).

[2] *Id.* at § 21.08.

punishment at sixty years in prison due to his two prior felony convictions. The Tenth Court of Appeals affirmed, holding that, because Kachel presented no evidence that he was unaware that a child was present other than his statement that he only saw a woman, he had not provided some evidence of the lesser-included offense.[3]

## II. Analysis

Whether a defendant is entitled to a lesser-included instruction is governed by a two-step test. First, we determine "whether the offense contained in the requested instruction is a lesser-included offense of the charged offense."[4] If it is, then we decide "whether the admitted evidence supports the instruction."[5] The purpose of a lesser-included instruction is to avoid leaving the jurors with two "equally distasteful" options: (1) to acquit the defendant when they believed him or her guilty of the lesser-included offense, or (2) to convict the defendant of an offense that they did not believe he or she committed.[6] To avoid that predicament, we liberally permit a lesser-included instruction.[7]

---

[3] *Kachel v. State*, No. 10-11-00337-CR, 2013 Tex. App. LEXIS 13257, at *5–6 (Tex. App.—Waco Oct. 24, 2013, pet. granted) (mem. op., not designated for publication).

[4] *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). *See also Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993) ("[F]irst, the lesser included offense must be included within the proof necessary to establish the offense charged.").

[5] *Goad,* 354 S.W.3d at 446. *See also Rousseau*, 855 S.W.2d at 673 ("[S]econd, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense.").

[6] *Eldred v. State*, 578 S.W.2d 721, 723 (Tex. Crim. App. 1979).

[7] *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

In order to satisfy the first step, the offense generally must fall within one of the four statutory definitions of a lesser-included offense.[8] The second step requires that an appellate court examine the entire record, and a "statement made by a defendant cannot be plucked out of the record and examined in a vacuum in a lesser included offense analysis."[9] To satisfy this requirement—generally considered a low threshold—a defendant need only show "[a]nything more than a scintilla of evidence" to support the lesser-included offense.[10] But merely undermining the charged offense is not enough; the defendant must substantiate the requested lesser-included offense with at least some evidentiary support.[11] Therefore, our analysis turns not on an alleged lack of evidentiary support for the charged offense, but on whether any evidence of the lesser-included offense exists that would require instruction on it despite the charged offense. Simply put, we look to whether the lesser-included offense constitutes a "valid, rational alternative to the charged offense."[12] And in doing so, we consider neither the credibility of the evidence pertaining to the lesser-included offense, nor whether it conflicts with other evidence.[13] Therefore, we must determine what a jury could rationally conclude given the evidence, without encroaching upon its role as the sole

---

[8] *See* TEX. CODE CRIM. PROC. art. 37.09(1)–(4).

[9] *Ramos v. State*, 865 S.W.2d 463, 465 (Tex. Crim. App. 1993) (citations omitted).

[10] *Bignall*, 887 S.W.2d at 23.

[11] *Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996).

[12] *Goad*, 354 S.W.3d at 446.

[13] *Id.* at 446–47.

factfinder.

**A. Indecent exposure is a lesser-included offense of indecency with a child by exposure.**

A person commits indecency with a child by exposure if, "with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person, with intent to arouse or gratify the sexual desire of any person, exposes the person's anus or any part of the person's genitals, knowing the child is present."[14] But a person commits only indecent exposure if "he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act."[15] Thus, indecent exposure is a lesser-included offense of indecency with a child by exposure because "[t]he elements of these two offenses are identical except that indecency with a child requires the defendant to know that a child is present, where indecent exposure requires that the defendant is reckless as to the presence of another person."[16] Therefore, the court of appeals correctly held the first step satisfied.

**B. Some admitted evidence purports to show that Kachel was guilty of only indecent exposure.**

In *Jones v. State*, we affirmed the court of appeals' decision to require lesser-included

---

[14] TEX. PEN. CODE § 21.11(a)(2)(A).

[15] *Id.* at § 21.08(a).

[16] *Briceno v. State*, 580 S.W.2d 842, 844 (Tex. Crim. App. 1979). *See also* TEX. CODE CRIM. PROC. ART. 37.09(1) ("An offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.").

instructions on misdemeanor theft and assault for a defendant charged with robbery.[17]

Because Jones had made both a "blanket" denial of all criminal liability and a self-defense

argument, the State argued that he could not satisfy the second step of the lesser-included

analysis for either theft or assault.[18] It cited our earlier admonition against "plucking" a

defendant's statement out of the record and examining it in a vacuum to argue that the court

of appeals misrepresented Jones's defense "by taking parts of it out of context."[19] But we

held that the State misconstrued case law and neglected "the fact that a jury is permitted to

believe or disbelieve any part of a witness'[s] testimony, including a defendant."[20]

Therefore, a defendant can point to his or her own statements as evidence that he or she is

guilty of only the lesser-included offense, even if that defendant also denied committing any

offense.[21] And for a lesser-included instruction to serve its purpose, this must be the law.

Otherwise, in order to obtain a lesser-included instruction, a defendant would have no right

to first put the State to its burden to prove the lesser-included offense beyond a reasonable

---

[17] 984 S.W.2d 254, 258 (Tex. Crim. App. 1998).

[18] *Id.* at 257–58.

[19] *Id.* at 257.

[20] *Id.* at 258.

[21] *Id.* at 257 ("If there is evidence within a defendant's testimony which raises the lesser included offense, it is not dispositive that this evidence does not fit in with the larger theme of that defendant's testimony.").

doubt.[22] It is, after all, an instruction—not a plea agreement.

Therefore, our analysis must turn, not on plucking Kachel's initial general denials of culpability out of the record and examining them in a vacuum, but on whether these denials—in light of all the other evidence in the record—also foreclosed all culpability as to the requested lesser-included offense. And although Kachel's statements are inconsistent and contradictory, he did make several general denials of any culpability. He initially denied being on Richter Avenue. Then he admitted to being on Richter Avenue, but that he was only changing his clothes. Then he also admitted to seeing an adult woman as he was changing, but that his genitals were covered by his thong underwear and blocked from view by his truck. But Kachel has consistently denied that he ever saw a child. And because the jury is "permitted to believe or disbelieve any part" of Kachel's statements,[23] a reasonable jury—in light of all the evidence in the record—could have:

(1) disbelieved Kachel's initial general denials of being on Richter Avenue;

(2) believed his admission to changing his clothes in the street on Richter Avenue;

(3) believed his admission to seeing an adult woman while he was changing;

(4) believed his denial of seeing any child while he was changing;

(5) disbelieved his denial that his genitals were covered by his thong underwear and blocked from the woman's view by his truck; and

---

[22] *See Bignall*, 887 S.W.2d at 24 (rejecting a rule that "anytime a defendant denies the commission of an offense, a charge on a lesser included offense will not be warranted" as "clearly not the law of this state").

[23] *See Jones*, 984 S.W.2d at 258.

(6) disbelieved his denial that he made any sexual gestures.

And regardless of the likelihood that the jury would have actually made these conclusions—which it is not our role to determine[24]—they nevertheless establish indecent exposure as a "valid, rational alternative" to indecency with a child by exposure.[25] Therefore, because the only difference between indecency with a child by exposure and indecent exposure is the culpable mental state relating to the presence of a child, a reasonable juror could have found Kachel guilty of only indecent exposure, and the trial court therefore erred in denying his request.[26] And given the low threshold of the second step—requiring only "[a]nything more than a scintilla of evidence"—coupled with our policy of liberally permitting lesser-included instructions, this is true regardless of whether we ourselves would have made the same conclusions listed above.[27]

The court of appeals, however, cited *Lofton v. State*[28] for the proposition that a "defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included

---

[24] *See Sweed v. State*, 351 S.W.3d 63, 69 (Tex. Crim. App. 2011) ("It is the jury's role, not the court's, to determine whether there is sufficient evidence to support a lesser-included offense.").

[25] *See Goad*, 354 S.W.3d at 446.

[26] *See Briceno*, 580 S.W.2d at 844.

[27] *See Bignall*, 887 S.W.2d at 23–24.

[28] 45 S.W.3d 649 (Tex. Crim. App. 2001).

offense."[29]  In *Lofton*, a defendant—charged with assault on a public servant for striking an arresting officer—requested a lesser-included instruction on resisting arrest.  When he testified, Lofton "flatly denied" even touching the officer, stating: "I didn't want to because I know that would not be right. I was just merely stating that I hadn't done anything wrong."[30]  Because of that denial, we held that Lofton could not support his request for the lesser-included instruction on resisting arrest.[31]  But although Kachel did initially, like Lofton, flatly deny all criminal culpability by telling officers that he had not been on Richter Avenue at the time in question, he soon abandoned that position and admitted to seeing a woman while changing his clothes there in the street.  And although Kachel continued to claim that his genitals were covered by his thong underwear and blocked from view by his truck, those claims—in light of all the evidence presented to the jury—did not rise to the level of Lofton's flat denial of any culpability that would prevent the requested lesser-included offense from serving as a "valid, rational alternative to the charged offense."[32]

Similarly, the State cites *Godsey v. State*[33] and argues that, because Kachel never testified and in fact rested without presenting any evidence, his statements to the police are

---

[29] *Kachel*, 2013 Tex. App. LEXIS 13257, at *5 (citing *Lofton*, 45 S.W.3d at 652).

[30] *Lofton*, 45 S.W.3d at 651.

[31] *Id.* at 652.

[32] *See Goad*, 354 S.W.3d at 446. *See also Bignall*, 887 S.W.2d at 24.

[33] 719 S.W.2d 578 (Tex. Crim. App. 1986).

hearsay and therefore cannot constitute "evidence."[34]  But in *Godsey* we did not address, or even mention the word "hearsay."  And, unlike *Godsey*, it was the State—not the defendant himself[35]—that elicited these statements during its direct examination of Officers Kent and Adams and its admission of Kachel's tape-recorded interview into evidence.  The State cannot claim that the evidence it entered into the record is now somehow not evidence.

Furthermore, the content of Kachel's statements, taken together, differed from those in *Godsey*.  Convicted of attempted capital murder for pointing a gun at police officers outside his apartment, Godsey claimed at trial that "he never went outside of the apartment, never pointed his gun at the police, never saw any police officers the day of the offense, and did not intend to murder anyone."[36]  Instead, he testified that he had been shot in the apartment hallway when "he left the gun in the bedroom and walked into the hallway, intending to go into the kitchen to get another beer."[37]  We rejected Godsey's argument that he was improperly denied his requested lesser-included instruction on aggravated assault because we held that the "evidence" raised as support in effect argued: "I was not there so I could not intend to kill anyone."[38]  And we clarified that Godsey's claims did not present

---

[34]  State's Brief, at 9–11.

[35]  *See Godsey*, 719 S.W.2d at 580.

[36]  *Id.* at 584.

[37]  *Id.* at 580.

[38]  *Id.* at 584.

us with an instance "in which part of a defendant's testimony could be reasonably believed by a jury in the context of the facts, so as to support a charge on the lesser included offense."[39] But again, although Kachel did initially claim that he was not on Richter Avenue, he soon abandoned that defense and admitted that he had been changing his clothes there, but that he only saw an adult woman—not a child. Therefore, unlike Godsey, Kachel could point to some admitted evidence of indecent exposure.

### III. Conclusion

Because Kachel requested an instruction on an offense that was included within the one charged and could support his request with some evidence in the record, the judge erred in refusing the instruction. Therefore, we reverse the judgment of the court of appeals and remand the cause to the court of appeals to conduct a harm analysis under *Almanza v. State*.[40]

DELIVERED: March 18, 2015

DO NOT PUBLISH

---

[39] *Id.*

[40] 686 S.W.2d 157 (Tex. Crim. App. 1984).