**Opinion filed November 30, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00266-CR
_____

## MICHAEL ALLEN STITES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 26012A**

## M E M O R A N D U M   O P I N I O N

The jury found Michael Allen Stites guilty of continuous sexual abuse of a child.[1]  The trial court assessed punishment and sentenced Appellant to confinement for twenty-five years.  On appeal, Appellant challenges the sufficiency of the evidence and asserts that the trial court should have provided the jury with an

---

[1]*See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2017).

instruction on the lesser included offenses of aggravated sexual assault of a child[2] and indecency with a child by contact.[3] We affirm.

## I. *The Charged Offense*

The grand jury returned an indictment against Appellant for continuous sexual abuse of a child, which the State later amended. In the amended indictment, the State alleged that Appellant had committed continuous sexual abuse of a child when he committed aggravated sexual assault of a child against L.D. and B.S., children younger than fourteen years of age, by causing L.D.'s mouth and B.S.'s mouth to contact his male sexual organ. The State also alleged that Appellant committed the act of indecency by contact with L.D. when he caused her hand to touch his male sexual organ. The State alleged that these acts occurred during a period of more than thirty days, from January 1, 2008, through March 1, 2013, and that Appellant was more than seventeen years of age at the time.

A person commits the offense of continuous sexual abuse of a child if:

> (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

> (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense.

PENAL § 21.02(b). Sexual abuse means an act that violates one or more penal laws as specified in Section 21.02(c), including aggravated sexual assault and indecency with a child by contact. *See* PENAL § 21.02(c)(2), (4); *see also* PENAL §§ 21.11(a)(1), (c)(2), 22.021.

---

[2] *Id.* § 22.021(a)(1)(B), (a)(2)(B).

[3] *Id.* § 21.11(a)(1).

## II. *Evidence at Trial*

Appellant and C.S. lived together for several years; had a male child, B.S., in 2008; and married in 2009. C.S. also had one female child, L.D., from a previous marriage. While the family lived in Arizona, L.D., who was six years old at the time, accused Appellant of sexual abuse, but those claims could not be substantiated. The family moved from Arizona to Abilene in 2010, and while in Abilene, L.D. again accused Appellant of sexual abuse. In March 2013, L.D. told a trusted neighbor, Rebecca Smith, of Appellant's sexual abuse. L.D. used words of description that reflected the kind of specificity typical of adults, not children. Smith contacted C.S., but C.S. was unsupportive of her child's outcry. After Smith contacted Child Protective Services, L.D. and B.S. moved into Smith's home at the request of CPS.

While L.D. lived with Smith and her family, L.D. sexually abused Smith's daughter and explained that she did so because Appellant had abused her in a similar fashion and she thought it was acceptable. During this same time, B.S., who was five years old, told Smith that Appellant had put his penis in B.S.'s mouth. B.S. had begun to act out in sexually inappropriate ways at this time, which included exposing himself to others at daycare. B.S., however, recanted his prior sexual-assault allegation at trial. He also denied that he ever acted in a sexually inappropriate way at daycare. B.S.'s testimony conflicted with that of his counselor, Robert Penton, who recalled B.S.'s description, during one of their therapy sessions, of Appellant's sexual abuse. Penton also testified that B.S.'s sexual misconduct at daycare was consistent with that of other children who have experienced sexual abuse.

During trial, L.D., who was then fourteen years old, recounted in detail several different episodes of sexual abuse by Appellant. Although L.D. could not remember how many times that Appellant had sexually abused her or recount specific dates, she testified that he abused her more than once. L.D. described an incident in which Appellant forced her to perform oral sex on him when they both were in the

3

bathroom. L.D. further testified that another time Appellant required her to perform oral sex on him in her bedroom because she had accidently broken her bed, and he used his cellphone to access a pornographic video to show her what to do. L.D. described the video in detail. L.D. testified that Appellant's sexual abuse usually occurred on Monday evenings while her mother was out bowling.

A Texas CPS investigator, Lindsey Morris, testified about CPS's involvement in the case after L.D.'s outcry to Smith. Morris testified that CPS had found "reason to believe" that Appellant had sexually abused L.D. based on her detailed and extensive outcry.

The defense questioned L.D.'s credibility and called Appellant's former sister-in-law, who testified that L.D. had a reputation for lying and blaming others for the acts that she committed. Also, Appellant's nephew, V.A., testified that L.D. tried to get him to look up pornography on his phone, which contradicted L.D.'s testimony that she had not done so. Finally, Appellant took the stand in his own defense and denied that he had ever sexually assaulted L.D. or B.S. Appellant also denied showing L.D. or his wife any pornographic material for any purpose. In contradiction of Appellant's assertions, a detective with the Abilene Police Department, Stacey Cisneros, testified that Appellant had admitted that he used his cellphone to access pornographic videos to show his wife how to engage in certain sexual acts.

### III. *Analysis*

A. <u>*Issue One*</u>: *The State adduced sufficient evidence for a rational jury to have found beyond a reasonable doubt that Appellant committed the offense of continuous sexual abuse of a child.*

In his first issue, Appellant argues that inconsistencies in L.D.'s testimony and the State's reliance on L.D.'s initial and unsubstantiated outcry in Arizona make the evidence presented insufficient to support his conviction. We apply the sufficiency

4

standard outlined in *Jackson* and its progeny for Appellant's sufficiency-of-the-evidence complaint. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We review all the evidence in the light most favorable to the jury's verdict and decide whether any rational jury could have found each element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

The testimony of a child victim alone is sufficient to support a conviction for sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2017); *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (concluding child victim's unsophisticated terminology alone was sufficient to establish the element of penetration beyond a reasonable doubt). The trier of fact may believe all, some, or none of a witness's testimony because the factfinder is the sole judge of the weight and credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). We defer to the trier of fact's resolution of any conflicting inferences raised in the evidence and presume that the trier of fact resolved such conflicts in favor of the prosecution. *Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 899; *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999) (citing *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993)).

As outlined in *Lee v. State*, acts from another state cannot be the basis for a conviction for continuous sexual abuse of a child in Texas. *Lee v. State*, No. PD-0880-16, 2017 WL 4399151, at *2 (Tex. Crim. App. Oct. 4, 2017). Consequently, we do not consider or review any of the acts that allegedly occurred in Arizona, and we limit our review to the evidence of acts of sexual abuse that occurred in Texas. *See id.* L.D. provided graphic and detailed testimony of Appellant's acts of sexual abuse that occurred in Texas. L.D. explained that Appellant forced her to perform oral sex on him and showed her a pornographic video, which she described in detail.

L.D. explained how she was forced to perform oral sex in the bathroom and testified that Appellant usually sexually abused her on Monday evenings while her mother was out bowling. The defense attacked L.D.'s credibility, and Appellant denied that he abused her or B.S. Other witnesses, such as Rebecca Smith and Lindsey Morris, thought L.D.'s accusations were credible. The jury was aware of the discrepancies in L.D.'s testimony, but it resolved the conflicting evidence in the State's favor. We will not substitute our judgment for the jury's verdict. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). After a review of the record, we hold that a rational jury could have found beyond a reasonable doubt that Appellant committed the offense of continuous sexual abuse of a child. We overrule Appellant's first issue.

> B. *Issue Two: The trial court did not err when it denied Appellant's request for a jury charge on lesser included offenses because he denied any wrongdoing.*

In his second issue, Appellant argues that the trial court "arbitrarily increased the range of punishment" when it failed to include two lesser included offenses in the jury charge. Appellant argues that evidence "was elicited . . . which would support the inclusion of the lesser included offenses" that he requested. We apply the *Aguilar/Rousseau* test to determine whether an instruction on a lesser included offense should be given to the jury. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); *see Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985). This test has two steps. *Cavazos*, 382 S.W.3d at 382.

The first step is to determine "if the proof necessary to establish [the elements of] the charged offense also includes the lesser offense." *Id.* If this threshold is met, then the second step is for us to decide whether there is some evidence "in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty

6

only of the lesser offense." *Rousseau*, 855 S.W.2d at 673. The purpose of the lesser-included-offense instruction is to avoid leaving jurors with two "equally distasteful" options: (1) acquit the defendant even though the jury believes he is guilty of the lesser included offense or (2) convict the defendant even though the jury does not believe he committed the charged offense. *Eldred v. State*, 578 S.W.2d 721, 723 (Tex. Crim. App. [Panel Op.] 1979).

To determine whether Appellant was entitled to the requested instructions, we must compare the statutory elements of continuous sexual abuse of a young child with the statutory elements of aggravated sexual assault of a child and indecency with a child to determine whether "the proof for the offense charged includes the proof necessary to establish the lesser-included offense and [whether] there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007) (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)).

Here, the first prong is satisfied. The offenses of aggravated sexual assault of a child and indecency with a child, as alleged in the indictment in the case before us, are lesser included offenses of the offense of continuous sexual abuse of a child under Section 21.02 of the Penal Code. *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011). Thus, we must determine whether there is some evidence in the record that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536. The "some evidence" requirement for a lesser included offense is not satisfied when the defendant simply denies the commission of any crime. *Willis v. State*, No. 07-11-0235-CR, 2012 WL 2072839, at *1 (Tex. App.—Amarillo June 8, 2012, pet. ref'd) (mem. op., not designated for publication) (citing *Bignall*, 887 S.W.2d at 24). In this case, Appellant did not challenge whether specific instances of assault occurred, but rather

7

asserted that no inappropriate sexual conduct occurred. *See Coleman v. State*, No. 11-11-00039-CR, 2013 WL 779898, at *13 (Tex. App.—Eastland Feb. 28, 2013, no pet.) (mem. op., not designated for publication). As a result, the lesser offenses cannot be included as alternatives to the charge against Appellant of continuous sexual abuse of a child. *See Hall*, 225 S.W.3d at 535–36. We overrule Appellant's second issue.

### IV. *Conclusion*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE

November 30, 2017

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.