Arnulfo **GARCIA** a/k/a Arnulfo Garza, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–05–00921–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 1, 2007.

---

Crespin Michael Linton, Houston, TX, for Appellant.

Jessica A. McDonald, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

SHERRY RADACK, Chief Justice.

A jury convicted appellant, Arnulfo Garza a/k/a Arnulfo Garcia, of possession of more than 400 grams of cocaine with the intent to deliver and assessed punishment at 25 years' confinement and a $9,000 fine. In three points of error, appellant contends that (1) the trial court erred by denying his motion to suppress the evidence obtained in a search of his vehicle and incident to his arrest, (2) the trial court erred by denying his requested jury instruction on the lesser-included offense of possession of a controlled substance, and (3) the evidence is legally insufficient to support his conviction for possession of a controlled substance with the intent to deliver. We affirm.

## Background

Prior to appellant's arrest, he had become a target in an undercover narcotics investigation headed by Deputy D. Coker, an officer with the Harris County Sheriff's Office. On January 26, 2005, Deputy Coker had asked Deputy A. McConnell to look out for a red 2000 Dodge Durango because Coker had received an anonymous tip that appellant would be in the vehicle. When McConnell saw the red Dodge Durango, he pulled it over because he noticed that it did not have a front license plate, in violation of Texas law.[1] As Deputy McConnell approached the driver's side of the vehicle, where appellant was sitting, he noticed appellant quickly reach between his legs. Throughout questioning by Deputy McConnell, appellant appeared nervous,

was shaking, and glanced furtively at his passenger. The passenger twice tried to get out of the vehicle, first being ordered back in by Deputy McConnell and the second time being detained by another officer. After Deputy McConnell learned that appellant was driving without a valid Texas driver's license, also a violation of Texas law,[2] he ordered appellant to get out of the vehicle. Back-up officers handcuffed both appellant and his passenger while Deputy McConnell searched the vehicle. Deputy McConnell's search of the vehicle first revealed a handgun lying on the passenger's side floorboard next to a box of ammunition. The deputies recovered a 500–gram brick of cocaine, in a plastic shopping bag, from the driver's side floorboard, where appellant had been seated. More cocaine was recovered from the center console (.41 grams) and in the cigarette lighter (.07 grams).

## Motion to Suppress

In his first point of error, appellant contends that the trial court erred in not suppressing evidence obtained from the search of the vehicle he was driving when he was arrested. Specifically, he contends that the arrest was unlawful because McConnell said that he arrested both appellant and the passenger for possession of the same weapon.

■ To arrest an individual, an officer must have probable cause. *State v. Ballard*, 987 S.W.2d 889, 892 (Tex.Crim.App. 1999). Probable cause for an arrest exists when, at that moment, facts and circumstances within the knowledge of the arresting officer, and of which he has reasonably trustworthy information, would warrant a reasonably prudent person in believing

---

1. *See* TEX. TRANSP. CODE ANN. § 502.404 (Vernon 1999).

2. *See* TEX. TRANSP. CODE ANN. § 521.025 (Vernon 1999).

that a particular person has committed or is committing a crime. *Id.*

■ Here, McConnell had probable cause to arrest appellant because he witnessed appellant committing two traffic violations. *See* Tex. Transp. Code Ann. § 502.404 (Vernon 1999) (defining offense of operating passenger car on public highway without a license plate at the front and rear of the vehicle); *see also* Tex. Transp. Code Ann. § 521.025 (Vernon 1999) (defining offense of failing to display driver's license on demand of police officer). Article 14.01(b) of the Texas Code of Criminal Procedure allows a peace officer to arrest "an offender without a warrant for any offense committed in his presence or within his view." Tex.Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005). Section 543.001 of the Texas Transportation Code allows any peace officer to arrest without a warrant a person found committing a traffic violation, except for speeding or a violation of the open container law. Tex. Transp. Code Ann. §§ 543.001, .004(a)(1) (Vernon 1999). An arrest for a minor traffic violation is not an unreasonable seizure under the Fourth Amendment. *Atwater v. City of Lago Vista,* 532 U.S. 318, 340, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001); *State v. Gray,* 158 S.W.3d 465, 469 (Tex.Crim.App.2005).

Because there was a legitimate basis for arrest, it is irrelevant that McConnell stated that he arrested appellant for possessing the gun recovered from the car. An officer's subjective reasons for the detention or arrest are not considered. *See Garcia v. State,* 827 S.W.2d 937, 942 (Tex. Crim.App.1992); *see Walter v. State,* 28 S.W.3d 538, 543 (Tex.Crim.App.2000).

Having lawfully arrested appellant, McConnell was entitled to perform a search incident to arrest of the passenger compartment of the vehicle appellant was driving when arrested. *See Chimel v. Cal-*

*ifornia,* 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969); *New York v. Belton,* 453 U.S. 454, 459–60, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981); *Osban v. State,* 726 S.W.2d 107, 111 (Tex. Crim.App.1986).

We overrule appellant's first issue.

**Lesser–Included Offense**

■ In his second point of error, appellant argues that the trial court erred in refusing to instruct the jury on the lesser-included offense of possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003). Appellant contends that he was entitled to an instruction on the lesser-included offense of possession because there was some evidence in the record that he did not intend to deliver the cocaine found in the car he was driving.

■ Before an instruction on a lesser-included offense is warranted, a two-pronged test must be satisfied: (1) the lesser-included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *See Upchurch v. State,* 23 S.W.3d 536, 538 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).

■ Possession of a controlled substance is a lesser-included offense of possession of a controlled substance with the intent to deliver. *Upchurch,* 23 S.W.3d at 538; *see Valencia v. State,* 51 S.W.3d 418, 423 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd). The less-easily satisfied second prong asks whether there is " 'anything more than a scintilla of evidence' " that would permit a rational jury to find that the appellant is guilty only of the lesser offense. *Upchurch,* 23 S.W.3d at 538

(quoting *Jones v. State,* 921 S.W.2d 361, 364 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd)). As this Court has consistently explained, the issue " 'is whether *any* evidence exists in the record that would permit a rational jury to find that the defendant is guilty only of the lesser included offense.... ' " *Id.* (emphasis in the original). An appellate court may not consider whether the evidence is controverted, in conflict with other evidence, or credible. *Upchurch,* 23 S.W.3d at 538.

In this case, the first prong is easily satisfied, and, thus, the only remaining issue is whether there is more than a scintilla of evidence that would permit a rational jury to find that if appellant is guilty, he is guilty only of possession of a controlled substance. Relying heavily on our decision in *Upchurch,* appellant contends that he was entitled to an instruction on the lesser-included offense of possession because at trial he testified that he did not agree to sell the cocaine that was found in the car he had been driving. Specifically, appellant testified as follows:

[Defense Counsel]: Did you ever see a package in the front seat of [Pablo Coy's] vehicle?

[Appellant]: No, sir.

[Defense Counsel]: Had you agreed to sell cocaine with him?

[Appellant]: No, sir.

In *Upchurch,* this Court held that an instruction on the lesser-included offense of possession must be included in the charge if there is any evidence that the defendant did not intend to deliver drugs found in his possession at the time of his arrest. *Id.* In that case, therefore, the instruction was required when 100 grams of cocaine were found in the appellant's trunk, but appellant testified, at length during trial, that he had decided to leave the narcotics trade shortly before his ar-

rest. *Id.* at 538–40. The facts in this case are distinguishable.

Here, the cocaine involved was a 500–gram brick, worth nearly $50,000, and there was no evidence that appellant possessed the cocaine for his personal use. *See Valencia,* 51 S.W.3d at 424; *see also Hanks v. State,* 104 S.W.3d 695, 700 (Tex. App.-El Paso 2003), *aff'd,* 137 S.W.3d 668 (Tex.Crim.App.2004) (holding that instruction on lesser-included offense of possession not required when appellant did not testify at trial that he possessed cocaine, 46.2 grams, for personal use with no intention to deliver, but instead denied possessing cocaine).

In this case, appellant affirmatively denied possessing, or even noticing the cocaine at all. Appellant's testimony, taken in context, was that he did not know that the cocaine was in the vehicle, so of course he did not agree to sell it. *See Lofton v. State,* 45 S.W.3d 649, 652 (Tex.Crim.App. 2001) (holding that "[a] defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense").

This case is very similar to the case of *Eldred v. State,* 578 S.W.2d 721, 723 (Tex. Crim.App.1979). In *Eldred,* the defendant was charged with aggravated robbery. *Id.* at 723. During direct examination of the defendant, the following exchange took place:

[Defense Counsel]: Did you, at any time, threaten (complainant) on July 7th, or at any other time?

[Defendant]: No, sir, I haven't ever threatened him at all.

[Defense Counsel]: Did you, at any time, take any money from (complainant) on July 7th without his consent?

[Defendant]: No, sir.

[Defense Counsel]: Not without his consent?

[Defendant]: No.

[Defense Counsel]: Now, there was some I assume the girl said he didn't want to pay her, or wasn't going to pay her, is that right?

[Defendant]: She said, "He ain't paid me the money."

[Defense Counsel]: And then he indicated where his money wallet was?

[Defendant]: Yes, sir.

[Defense Counsel]: And then, you took that to mean he was giving his consent, is that correct?

[Defendant]: Yes, sir.

[Defense counsel]: Did you have a firearm with you?

[Defendant]: No, sir.

The court of criminal appeals held that this testimony "denied the commission of any offense," and that "appellant, if guilty at all, is guilty of aggravated robbery." *Id.* at 723. We find it noteworthy that the defendant's denial of possessing a firearm did not raise the lesser included offense of robbery because, in the other parts of his testimony, he denied committing the theft.

Similarly, in this case, appellant's testimony that he had not "agreed to sell cocaine" does not raise the lesser included offense of possession because in other portions of his testimony he denies knowing about, or possessing, the cocaine. Like the defendant in *Eldred,* if the jury believed appellant's testimony, it would find him not guilty of any offense.

Therefore, we find that appellant's testimony at trial amounts to no more than a scintilla of evidence showing that he is *guilty only of possession* and had no intention to deliver the cocaine. Instead, appellant's evidence asserts that he was not guilty of either possession *or* possession with intent to deliver. Accordingly, the trial court did not err in failing to instruct the jury on the lesser-included offense.

We overrule appellant's second issue.

## Legal Sufficiency

■ In his third point of error, appellant argues that the evidence is legally insufficient to support his conviction for possession of a controlled substance with the intent to deliver. In evaluating the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App.2000); *see also Roberson v. State,* 80 S.W.3d 730, 734 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). Although our analysis considers all evidence presented during trial, we may not reweigh the evidence and substitute our judgment for that of the jury. *King,* 29 S.W.3d at 562; *Roberson,* 80 S.W.3d at 734.

## A. Possession of a Controlled Substance with the Intent to Deliver

To convict an accused of unlawful possession of a controlled substance with the intent to deliver, the State must prove both that the accused possessed the controlled substance and that he also had the requisite intent to deliver.

### 1. Possession of a Controlled Substance

■ To prove possession, the State must show that the accused (1) exercised actual care, custody, control or management of the controlled substance, and (2) was conscious of his connection with it and knew what it was. *See* Tex. Health & Safety Code Ann. § 481.002(38) (Vernon 2003 & Supp.2006), § 481.112(a) (Vernon

2003); *Brown v. State,* 911 S.W.2d 744, 747 (Tex.Crim.App.1995). Though the accused need not have exclusive possession of the drug, mere presence in the vicinity of a controlled substance or where contraband is being used or possessed by others does not, by itself, support a finding that a person is a party to an offense. *Harvey v. State,* 487 S.W.2d 75, 77 (Tex.Crim.App. 1972); *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Roberson,* 80 S.W.3d at 735. When, as here, the accused is not in exclusive possession of the place where the contraband is found, there must be additional, independent facts and circumstances that affirmatively link him to the contraband in such a way that it can be concluded that the accused had knowledge of the contraband and exercised control over it. *Deshong v. State,* 625 S.W.2d 327, 329 (Tex.Crim.App.1981); *Roberson,* 80 S.W.3d at 735. An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it; such a link may be established through either direct or circumstantial evidence. *Johnson v. State,* 658 S.W.2d 623, 627 (Tex. Crim.App.1983), *rev'd on other grounds, Woods v. State,* 956 S.W.2d 33 (Tex.Crim. App.1997); *Dickerson v. State,* 866 S.W.2d 696, 700 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd); *Brown,* 911 S.W.2d at 747.

■ The court of criminal appeals has identified several factors that may help to establish an affirmative link between an accused and the contraband, including (1) whether the contraband was in plain view; (2) whether the contraband was conveniently accessible to the accused; (3) whether the accused was the driver of the vehicle in which the contraband was found; (4) whether the contraband was found on the side of the vehicle where the accused was sitting; (5) whether conduct by the accused indicated a consciousness of guilt; and (6) the amount of the contraband found.[3] *Roberson,* 80 S.W.3d at 735, n. 2 (citing *Hurtado v. State,* 881 S.W.2d 738, 743, n. 1 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd)); *Whitworth v. State,* 808 S.W.2d 566, 569 (Tex.App.-Austin 1991, pet. ref'd). The affirmative-link terminology does not constitute a unique legal rule, but is only a shorthand way of expressing what must be proven to establish that drugs were possessed knowingly or intentionally. *Brown,* 911 S.W.2d at 747. Indeed, the number of linking factors present is not as important as the "logical force" they create to prove that the crime was committed. *Hurtado,* 881 S.W.2d at 743; *Roberson,* 80 S.W.3d at 735.

In this case, the evidence shows that appellant had multiple affirmative links to the cocaine. Appellant was the driver of a vehicle in which a very large amount— more than 500 grams—of cocaine was found. The majority of the cocaine, indeed the brick of cocaine weighing 500 grams, was found on the driver's side floorboard, in plain view and conveniently accessible to the appellant. After the appellant had been pulled over, he reached furtively be-

---

**3.** Appellate courts have also considered whether: (7) the accused was the owner of the place where the contraband was found; (8) the place where the contraband was found was enclosed; (9) the odor of the drug found was present in the vehicle; (10) paraphernalia for use of the contraband was in view of or found on the accused; (11) the accused had a special connection to the contraband; (12) occupants of the vehicle gave conflicting statements about relevant matters; (13) the physical condition of the accused indicated recent consumption of the contraband found in the vehicle; (14) affirmative statements by the accused connect the accused to the contraband; (15) whether traces of the contraband were found; and (16) whether a large sum of money was found on the accused. *Roberson,* 80 S.W.3d 730, 735, n. 2 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd).

tween his legs and toward the floor. And, while the arresting deputy questioned him, appellant was shaking, appeared very nervous, and glanced frequently at his passenger before answering. In this case, we believe there were sufficient affirmative links between the appellant and the contraband to conclude that appellant knowingly possessed the cocaine.

### 2. Intent to Deliver

To prove the offense of possession of a controlled substance with the intent to deliver, the State must prove, in addition to possession, that the accused intended "to transfer, actually or constructively, to another a controlled substance...." TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 2003 & Supp. 2006), § 481.112(a) (Vernon 2003). Intent to deliver a controlled substance can be proved by circumstantial evidence, including evidence regarding an accused's possession of the contraband. *Mack v. State,* 859 S.W.2d 526, 528 (Tex.App.-Houston [1st Dist.] 1993, no pet.). Additional factors that this Court has considered in determining whether the accused had the intent to deliver include (1) the nature of the location at which the accused was arrested; (2) the quantity of contraband in the accused's possession; (3) the manner of packaging; (4) the presence, or lack thereof, of drug paraphernalia for either use or sale; (5) the accused's possession of large amounts of cash; and (6) the accused's status as a drug user. *Williams v. State,* 902 S.W.2d 505, 507 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). Expert testimony by experienced law enforcement officers may also be used to establish an accused's intent to deliver. *See Mack,* 859 S.W.2d at 529. An oral expression of intent is not required; intent can be inferred from the acts, words, and conduct of the accused. *Patrick v. State,* 906 S.W.2d 481, 487 (Tex.Crim.App.1995).

In this case, Deputy Coker, an experienced undercover narcotics officer in the Harris County Sheriff's Office, testified that, based on an anonymous tip, he requested surveillance of a certain area of I–10, looking specifically for appellant, who had become a target in his narcotics investigation. Deputy Coker also testified that the amount of cocaine possessed by appellant, more than 500 grams in the form of a brick, was more than people generally have for personal use and indicated that the appellant had likely intended to sell the cocaine. Additionally, no drug paraphernalia for the use of cocaine was found in the vehicle or on appellant's person. *See Mack,* 859 S.W.2d at 529 (finding that absence of paraphernalia for smoking or using cocaine supports inference that accused intended to deliver, rather than consume, contraband). Texas courts have upheld convictions for intent to deliver with less evidence than that presented in the present case. *See Mack,* 859 S.W.2d at 528–29 (8.9 grams of crack cocaine, no drug paraphernalia, appellant arrested in known drug-dealing area, and expert testimony); *Branch v. State,* 833 S.W.2d 242, 245 (Tex.App.-Dallas 1992, pet. ref'd) (17 packets of cocaine weighing less than 28 grams, $732 in cash, no drug paraphernalia or other signs of drug use, and expert testimony). The evidence in this case satisfied enough of the factors considered in establishing that the appellant had the intent to deliver.

Thus, after reviewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found, beyond a reasonable doubt, that appellant was guilty of possession of a controlled substance, namely cocaine, with the intent to deliver.

### B. Variance.

In his third point of error appellant also complains about a variance; spe-

cifically, that the State did not prove his name as set forth in the indictment.[4]

The purpose of naming the accused is for his identification. Naming is a matter of form that can be altered at the accused's election. *Jones v. State,* 504 S.W.2d 442, 444 (Tex.Crim.App.1974). "When the defendant is arraigned, his name, as stated in the indictment, shall be distinctly called; and unless he suggests by himself or counsel that he is not indicted by his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense." TEX.CODE CRIM. PROC. ANN. art. 26.07 (Vernon 1989). As stated in *Jones,* "should the accused suffer this defect of form to remain in the indictment, he must suffer the consequences of his election, unless the defect is such as to prejudice his substantial rights." *Jones,* 504 S.W.2d at 444.

In the present case, neither appellant nor his counsel objected to appellant's name—Arnulfo Garcia—as presented in the indictment. Thus, pursuant to article 26.07, appellant cannot assert by way of defense that Arnulfo Garcia is not his true name.

 Nevertheless, when appellant continued to refer to himself as Arnulfo Garza during trial, the indictment was changed to show "Arnulfo Garcia a/k/a Arnulfo Garza." When the evidence shows an accused has been known by another name and such information is relevant to the case, the alias would be properly included in an arraignment and in the jury charge. *See, e.g., Toler v. State,* 546 S.W.2d 290, 292–93 (Tex.Crim.App.1977); *Hornsby v. State,* 237 S.W. 940, 941 (Tex.Crim.App. 1921); TEX.CODE CRIM. PROC. ANN. art. 21.07

(Vernon Supp.2006). In this case, there was evidence that appellant was known by both names alleged in the indictment. Such fact was relevant because Deputy Coker testified that he had information that Arnulfo Garcia and Pablo Coy would be in the red Dodge Durango that he had under surveillance. As such, the inclusion of both names in the indictment was proper.

Accordingly, we overrule appellant's third point of error.

### Conclusion

We affirm the judgment of the trial court.

---

4. The original indictment charged Arnulfo *Garcia* with possession of a controlled substance with the intent to deliver. The indictment was amended on September 9, 2005, one day after trial, showing the name Arnulfo Garcia "a/k/a Arnulfo Garza."