COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




HECTOR REYNA,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00244-CR



Appeal from the


384th Judicial District Impact Court


of El Paso County, Texas 


(TC# 20060D02924) 



O P I N I O N


 Hector Reyna appeals his conviction for possession with intent to deliver a controlled
substance in an amount over four hundred grams. His sentence was 25 years' imprisonment. He
now brings four issues. In Issues One and Two, he argues the admission of certain evidence was
in error during trial. Issues Three and Four challenge the legal and factual sufficiency of the
evidence in support of the conviction.

 On February 19, 2006, Detective Armanda Sosa and Officers Sergio Lopez and Alejandro
Alvarez were surveilling the Americanos Bus Terminal in El Paso. From their position inside the
terminal, they focused on buses departing for Dallas, Texas and Denver, Colorado. 

 Appellant entered the bus terminal at 7:50 p.m., wearing a Dallas Mavericks jersey. He
carried a duffle bag and two jackets, one white and one brown. The jackets were positioned so
that the white jacket covered the brown one. Appellant went directly to the restroom where he
remained for over ten minutes. When he left the restroom, he was wearing a yellow polo shirt.

 Detective Sosa watched Appellant board a bus scheduled to depart for Dallas at 8 p.m.
Initially, Appellant placed both jackets in the overhead compartment directly above his seat. At
this point, the detective decided to allow the bus to proceed to its last stop in El Paso, a couple of 
hundred yards away. When the bus stopped, Detective Sosa noticed that Appellant had moved to
the back of the bus, but left the brown jacket in the overhead compartment above his original
seat. As Detective Sosa boarded the bus, he witnessed Appellant changing back into the Dallas
Mavericks jersey.

 When the detective approached Appellant, he identified himself as a police official,
showed Appellant his badge, and asked if he could see Appellant's identification and bus ticket. 
Appellant seemed nervous as he complied with the detective's request. Appellant also agreed to
allow the detective to search his person and bags for drugs. The detective did not find any
contraband during the initial pat down, nor were there any drugs in the duffle bag.

 Next, the detective inquired whether the brown jacket, still stowed in the overhead
compartment several seats away, belonged to Appellant. Appellant denied the jacket was his.
Detective Sosa then explained that he had witnessed Appellant board the bus with the jacket.
Appellant maintained that the jacket was not his. After retrieving the jacket and confirming that
it did not belong to any of the other passengers, the detective asked Appellant again whether the
jacket was his. Appellant again answered "no."

 The detective then asked Appellant if they could continue talking outside the bus, and
Appellant agreed. Officers Alvarez and Lopez joined Detective Sosa and Appellant, where
Appellant again denied the jacket was his. As he carried the jacket off the bus, Detective Sosa
felt some objects inside the lining which he believed were the size and shape of drug packages.
When he cut into the lining, he found several bundles wrapped in gray duct tape. When he cut
the tape, the detective found a white powered substance, which he believed was cocaine.

 The detectives removed five bundles of cocaine with an approximate weight of 1.24
kilograms, from the jacket's lining. The officers arrested Appellant for possession of a
controlled substance. Following the arrest, Officer Alvarez searched Appellant and found an
additional 7.2 grams of a brown substance in Appellant's pocket, which was also identified as
cocaine.

 In Issues One and Two, Appellant contends the trial court erred by admitting the cocaine
into evidence at trial because it was seized in violation of Appellant's constitutional rights. In
response, the State argues these issues have been waived as the arguments Appellant asserts on
appeal do not comport with the objections made in the trial court. See Tex.R.App.P. 33.1.

 When Exhibit Six, a plastic evidence bag containing the cocaine seized from Appellant's
pocket was introduced during trial, Appellant's attorney made the following objection, "I do
object to that smaller sample. I don't believe that it is 7 grams. It looks way, way smaller than 7
grams." The trial court overruled the objection and admitted the exhibit into evidence.
Appellant's attorney did not make any further objection or argument concerning Exhibit Six. 

 Texas Rule of Appellate Procedure 33.1 requires that as a prerequisite to presenting a
complaint for appellate review, the complaint must have been made to the trial court by a timely
request or objection. Tex.R.App.P. 33.1(a). Appellant's attorney did not object to the admission
of Exhibit Six on the ground that it was illegally seized. Because the objection did not comport
with the complaint now raised on appeal, any error related to Exhibit Six's admission has not
been preserved for review. See Guevara v. State, 97 S.W.3d 579, 583 (Tex.Crim.App. 2003).
Issues One and Two are overruled.

 Issues Three and Four challenge the legal and factual sufficiency of the evidence in
support of Appellant's conviction. In a legal sufficiency review, we must consider all of the
evidence in a light most favorable to the verdict, and determine whether a reasonable minded
juror could have found the essential elements were proven beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Hooper v. State, 214
S.W.3d 9, 13 (Tex.Crim.App. 2007). We must give deference to, "'the responsibility of the trier
of fact to fairly resolve all conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.'" Hooper, 214 S.W.3d at 13.

 In a factual sufficiency review, we consider all the evidence in a neutral light. Roberts v.
State, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Evidence is factually insufficient if: (1) the
evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly
unjust; or (2) the evidence supporting the verdict is outweighed by the great weight and
preponderance of contrary evidence, rendering the verdict clearly wrong and manifestly unjust. 
Id. We cannot reverse a conviction under the "clearly wrong" or "manifestly unjust" standards
simply because, based on the quantum of evidence admitted, we would have voted to acquit. 
Watson v. State, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). Nor can we declare that a conflict
in the evidence justifies a new trial because we disagree with the jury's resolution of the conflict.
Id. A new trial will only be granted when the reviewing court determines, on an objective basis,
that the great weight and preponderance of the evidence contradicts the jury's verdict. Id. In
addition, our review should not substantially intrude upon the fact finder's role as the sole judge
of the weight and credibility given to witness testimony. Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); see also Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006)
(factual sufficiency review still requires "due deference" be given to the jury's determinations).

 In a possession with intent to deliver case, the State must prove the accused: (1)
exercised care, custody, control, or management over the controlled substance; (2) intended to
deliver the controlled substance to another; and (3) knew that the substance in his possession was
a controlled substance. See Tex.Health & Safety Code Ann. §§ 481.002(38)(Vernon Supp.
2007), 481.112(a)(Vernon 2003). Appellant challenges the sufficiency of the evidence in support
of the first and second elements of the offense.

 With regard to the possession element, Appellant argues that there is insufficient
evidence linking him to the cocaine found in the lining of the jacket. In order to prove that the
accused had knowledge of, and control over the contraband in cases where the accused is not in
sole possession of the location where the substance is found, there must be additional
independent facts and circumstances which link the accused to the contraband. See Evans v.
State, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006). Whether direct or circumstantial, the
evidence must establish the accused's connection with the contraband was more than just
fortuitous. Id. at 161. While the accused's mere presence at the location where the drugs are
found is insufficient to establish possession, presence, when combined with other "affirmative
links" between the accused and the drugs, may well be sufficient to establish the element beyond
a reasonable doubt. Id. at 162.

 The key to this type of possession inquiry is the "logical force" with which the evidence
supports an inference of conscious possession of contraband by the accused. See Evans, 202
S.W.3d at 162; Porter v. State, 873 S.W.2d 729, 732 (Tex.App.--Dallas 1994, pet. ref'd). Texas
courts have utilized a wide variety of factors to analyze the sufficiency of the evidence in support
of the jury's affirmative finding of possession, including: (1) the defendant's presence at the
location where a search warrant was executed; (2) whether the contraband was in plain view; (3)
the defendant's proximity to and accessibility of the contraband; (4) whether the defendant was
under the influence of narcotics when arrested; (5) whether the defendant possessed other
contraband or drug paraphernalia when arrested; (6) whether the defendant made incriminating
statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant
made furtive gestures; (9) whether there was a residual odor of contraband; (10) whether the
defendant owned or had the right to posses the place where the drugs were found; (11) whether
the drugs were found in an enclosed area; (12) whether the accused was the operator of an
automobile where contraband was found; (13) whether the defendant was found with a large
amount of cash or weapons at the time of his arrest; (14) whether the conduct of the accused
indicated a consciousness of guilt; and (15) whether there was a significant amount of contraband
seized. See Evans, 202 S.W.3d at 162 n.12; Miramontes v. State, 225 S.W.3d 132, 141-42
(Tex.App.--El Paso 2005, no pet.).

 Appellant argues that several aspects of the arresting officers' testimony contradict the
verdict. In his primary argument, he contends the evidence is legally and factually insufficient to
support a finding that he was in possession of the majority of the drugs because he denied
ownership of the jacket where the drugs were discovered. As noted above, Detective Sosa
witnessed Appellant carrying the jacket in the bus terminal, saw him get on the bus with the
jacket in his possession, and saw him place the jacket in an overhead rack. The detective also
testified that the jacket was in the same overhead compartment when he approached Appellant at
the second bus stop. Appellant contends however, that the officers' testimony is "unreliable"
because they gave differing accounts of how Appellant was carrying the jacket in the bus
terminal. (1) This argument involves both a resolution of conflicting evidence, as well as an
evaluation of witness credibility and the weight to be given testimony. These are functions left to
the jury's sole discretion. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997).
While the record may demonstrate that Appellant denied the jacket was his, we must defer to the
jury's resolution of the conflict between Appellant's denial and the officers' testimony. See
Johnson, 23 S.W.3d at 11.

 Appellant also argues the State failed to affirmatively link him to the cocaine because: 
(1) the cocaine found in the jacket was a different color from the drugs seized from Appellant's
person; (2) Appellant did not make any incriminating statements or gestures during the
investigation; (3) he did not attempt to flee; and (4) he cooperated with the officers' requests. 
The State did not need to present evidence of, or establish, all of the recognized "affirmative
link" factors to prove Appellant was in possession of the drugs. See Evans, 202 S.W.3d at 161-62. The key to the inquiry is the logical force of all the evidence linking the accused to the
contraband, not the number of links established in the record. Id. Again, we must defer to the
jury's role as fact finder to resolve the conflict between the officers' testimony and the evidence
identified by Appellant. See Johnson, 23 S.W.3d at 11. The evidence Appellant relies on may
weigh against the jury's finding of possession but it does not negate the evidence that Appellant
was in possession of the jacket and the drugs. In addition, the evidence Appellant points to is not
so contrary to the verdict, and does not outweigh the supporting evidence to such a degree that
the conviction was a manifest injustice. See Roberts, 220 S.W.3d at 524.

 In his final argument, Appellant contends the evidence is insufficient to support the jury's
determination that he intended to deliver the cocaine. "Intent to deliver" requires the State to
prove that the accused intended, "to transfer, actually or constructively, to another, a controlled
substance . . . ." Tex.Health & Safety Code Ann. § 481.002(8). The element can be
established by direct or circumstantial evidence, including evidence of the accused's possession
of the contraband. Garcia v. State, 218 S.W.3d 756, 764 (Tex.App.--Houston [1st Dist.] 2007,
no pet.). Testimony by law enforcement officers who have experience investigating drug
traffickers and transactions may be used to establish an accused's intent to deliver. See Patrick v.
State, 906 S.W.2d 481, 487 (Tex.Crim.App. 1995).

 In this case, Detective Sosa testified that based on his experience, he would consider the
amount of cocaine discovered in the jacket an amount intended for distribution. Appellant
admits that the detective's testimony is sufficient to prove that the person in possession of the
jacket intended to deliver, but argues that because Appellant was not proven to be that individual,
the evidence of intent to deliver is also insufficient to support the conviction. Thus, our
determination that the evidence was sufficient to support the finding that Appellant was in
possession of the jacket negates Appellant's argument regarding the "intent to deliver" element.

 In sum, having reviewed the record in a neutral light, we conclude that the evidence was
legally sufficient to support the jury's verdict and overrule Issue Three. Likewise, having
reviewed the record in the light most favorable to the verdict, the evidence is also factually
sufficient to support the conviction. Issue Four is also overruled.

 Having overruled all of Appellant's issues presented, we affirm the trial court's judgment. 



April 10, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. Det. Sosa testified that Appellant carried the jacket under his arm, while Officer Lopez
testified the jacket was draped over Appellant's arm.