**Opinion filed May 27, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-08-00325-CR

_____

### STEVEN FRANCIS GENTRY, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 10596-B**

### M E M O R A N D U M   O P I N I O N

The jury convicted Steven Francis Gentry of possession with intent to deliver a controlled substance (psilocin)[1] and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of forty years. The jury additionally imposed a fine of $10,000. In a single issue, appellant challenges his conviction on the contention that the trial

---

[1]Psilocin is a Schedule I, Penalty Group 2 hallucinogenic substance obtained from certain mushrooms indigenous to tropical and subtropical regions of South America, Mexico, and the United States of America. TEX. HEALTH & SAFETY CODE ANN. §§ 481.032, .103 (Vernon Supp. 2009); *see* http://www.justice.gov/dea/concern/psilocybin.html.

court erred in denying his requested jury charge on the lesser included offense of simple possession. We affirm.

*Background Facts*

On January 29, 2007, Trooper Steven Gleaton of the Texas Department of Public Safety observed appellant's vehicle traveling on Interstate 20 west of Roscoe with the view of the word "Texas" being obstructed on the vehicle's rear license plate. Trooper Gleaton stopped the vehicle based upon this observation and spoke with appellant outside of his vehicle. Upon noticing that appellant was unusually nervous during the stop, Trooper Gleaton conducted a protective frisk. Trooper Gleaton discovered a plastic baggie containing marihuana in the pocket of appellant's sweater while patting down appellant. A further search of the pocket revealed the presence of another baggie containing dried mushrooms. William L. Todsen is a DPS forensic scientist that analyzed the dried mushrooms recovered from appellant. He testified that his lab analysis of the dried mushrooms revealed that they weighed 5.70 grams and that they contained psilocin.

Appellant was indicted for possession with the intent to deliver between four and 400 grams of psilocin. Possessing between four and 400 grams of psilocin with the intent to deliver constitutes a first degree felony. TEX. HEALTH & SAFETY CODE ANN. §§ 481.103, .113(d) (Vernon Supp. 2009). Simple possession of between four and 400 grams of psilocin constitutes a second degree felony. TEX. HEALTH & SAFETY CODE ANN. §§ 481.103, .116(d) (Vernon Supp. 2009). The State premised its case for convicting appellant of possession with the intent to deliver on a comment that he made to Trooper Gleaton when the mushrooms were discovered. Appellant told Trooper Gleaton that it had been a long time since he had consumed any mushrooms and that he was taking the mushrooms in his pocket to a friend.

In cross-examining Trooper Gleaton and Todsen, defense counsel asked them questions pertaining to the amount of mushrooms obtained from appellant in comparison to the amount typically consumed by a user. Todsen testified that his office did not analyze mushrooms very often. With respect to the amount of mushrooms recovered from appellant, Todsen testified that he did not know how many dosage units it would constitute. Trooper Gleaton initially testified at trial that the amount of mushrooms recovered from appellant constituted a large amount. When confronted with his earlier comment that the amount recovered constituted a small

2

amount, Trooper Gleaton clarified his answer by characterizing the amount recovered as "more than just user [amount]."

Appellant rested at the close of the State's evidence without offering any evidence. After the close of evidence, defense counsel requested a jury charge on the lesser included offense of simple possession. The prosecutor opposed the request on the basis of appellant's comment to Trooper Gleaton that he was transporting the mushrooms to a friend. Defense counsel responded to the prosecutor's argument by asserting that the jury was free to disbelieve appellant's comment and that there was no evidence of packaging materials or other physical evidence indicating an intent to deliver. The trial court denied appellant's requested charge for the lesser included offense.

*Standard of Review*

A defendant is entitled to an instruction on a lesser included offense where the proof for the offense charged includes the proof necessary to establish the lesser included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007); *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (citing *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993)); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006). Evidence from any source may raise such a defensive issue. *Mendoza v. State*, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002). Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on the lesser included offense. *Hall*, 225 S.W.3d at 536. In making our determination, we must review all evidence presented at trial. *Rousseau*, 855 S.W.2d at 673. We review the trial court's decision regarding a lesser included offense charge under an abuse of discretion standard. *Dobbins v. State*, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd, untimely filed).

The State concedes that simple possession of a controlled substance is a lesser included offense of possession with intent to deliver. *See Upchurch v. State*, 23 S.W.3d 536, 538 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (Possession of a controlled substance is a lesser included offense of possession with intent to deliver a controlled substance.). Therefore, we direct our focus on the second prong of the test to determine if there is some evidence that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau*, 855 S.W.2d at 673. We must determine if there is some evidence that

appellant possessed the mushrooms for his personal use with no intention of delivering them to someone else.  *See Garcia v. State*, 218 S.W.3d 756, 760-61 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Hanks v. State*, 104 S.W.3d 695, 699-700 (Tex. App.—El Paso 2003), *aff'd*, 137 S.W.3d 668 (Tex. Crim. App. 2004).

Appellant directs our attention to the comment that he nervously made to Trooper Gleaton that he was taking the mushrooms to a friend.  He contends that it was within the jury's province to disbelieve this comment and thereby find him guilty of simple possession. He also cites the lack of evidence that the amount of mushrooms that he possessed constituted more than a single dose.  We conclude that these matters do not constitute "some evidence" that he possessed the mushrooms for personal use with no intent to deliver.  In this regard, we note that appellant additionally stated to Trooper Gleaton that it had been a long time since he had consumed any mushrooms when stating that he was taking the mushrooms to a friend.

In determining whether the second prong has been met, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser included offense for the finder of fact to consider before an instruction on a lesser included offense is warranted. *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003); *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). Appellant does not rely on evidence that affirmatively rebuts or negates his intent to deliver the mushrooms.  *See Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); *Saunders v. State*, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).  Instead, he relies on the jury disbelieving the evidence that he intended to deliver the mushrooms.  This is not sufficient to satisfy the second prong under *Hampton* and *Skinner*.  Furthermore, the lack of evidence is not evidence that affirmatively negates or refutes his intent to deliver the mushrooms.

In his reply brief, appellant cites an alternative basis identified in *Saunders* for satisfying the second prong.  The court in *Saunders* noted that there are two ways in which the evidence may indicate that a defendant is guilty only of the lesser offense.  840 S.W.2d at 391.  First, there may be evidence that refutes or negates other evidence establishing the greater offense.  *Id*. Second, a defendant may be shown to be guilty only of the lesser offense if the evidence presented is subject to different interpretations.  *Id*. at 392.  Appellant contends that his statement to Trooper Gleaton satisfies the second prong because it is subject to different interpretations. We disagree.  Other than a credibility determination, appellant's statement was not subject to

4

different interpretations. As noted previously, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense to establish the second prong of the test. *See Skinner*, 956 S.W.2d at 543. We conclude that the trial court did not abuse its discretion in denying appellant's requested charge on the lesser included offense of simple possession. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

May 27, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.