**Opinion issued November 14, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01083-CR

————————————

**RANDALL DAVID ROBINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1354577**

---

## MEMORANDUM OPINION

After appellant, Randall David Robinson, with an agreed punishment recommendation from the State, pleaded guilty to the offense of possession of a controlled substance weighing less than one gram,[1] the trial court deferred

---

[1]    *See* TEX. HEALTH & SAFETY CODE §§ 481.102(6), 481.115(b) (Vernon 2010).

adjudication of his guilt and placed him on community supervision for four years. In one issue, appellant contends that the trial court erred in denying his pre-trial motion to suppress evidence.

We affirm.

## Background

At the pretrial hearing on appellant's motion to suppress, Houston Police Department ("HPD") Officer L. Vaughn testified that on July 17, 2012, he was conducting surveillance of a Whataburger restaurant parking lot when he saw what he believed to be a narcotics transaction. Vaughn saw the passenger of appellant's car exit and enter the front passenger seat of another car. After "about a minute," the passenger exited from the second car and entered into the front passenger seat of appellant's car. Vaughn considered this to be suspicious activity, and, as a result, requested assistance from other police officers.

HPD Officer S. Chaffin was part of the same tactical unit working in a "high crime" area of Houston, which required that Chaffin and Vaughn dress in plain clothes and drive unmarked cars. On the police radio, Chaffin heard Vaughn's report of suspicious activity, and when he saw Vaughn's vehicle following appellant, he "fell in behind" them. Chaffin and Vaughn followed appellant for a brief period of time before both saw him committing traffic violations. Specifically, the officers saw appellant change lanes without signaling and cross a

stop light intersection in front of another car. Vaughn reported the traffic violations so an officer in a marked police car could conduct the traffic stop. Chaffin and Vaughn continued to follow appellant until the officer in the marked police car caught up with and stopped appellant's car.

HPD Officer K. Cockrill testified that while on patrol in his marked police car, he heard Officer Vaughn's initial call over the radio about a possible narcotics transaction and his subsequent call regarding traffic violations. Cockrill pulled over appellant's car and approached the driver side of the car. Shortly after that, Officer Chaffin approached the driver's side of the car and Vaughn approached the passenger side. After Cockrill asked appellant for his identification, which he was unable to provide, Cockrill asked him to step out of the car. After appellant exited his car, Cockrill asked him "if he had anything illegal on him, anything illegal in the vehicle, narcotics, handguns, knife, hand grenades anything like that."[2] In response to Cockrill's question, appellant stated that he had a "pipe" in his pocket. Cockrill retrieved a glass pipe and asked if he had anything else on him that was illegal. Appellant admitted that "he had meth in the other pocket." After removing a baggie from appellant's pocket, Cockrill arrested him for possession of methamphetamine.

---

[2] Officer Chaffin heard Officer Cockrill questioning appellant, and he explained that these were "standard questions" and "common" for this type of stop.

Appellant testified that he and his friend, Cameron Cruz, were eating lunch at a taqueria when Cruz asked appellant to drive him over to the Whataburger restaurant so he could "talk to someone." Appellant agreed and waited in the car as Cruz met with someone in the Whataburger parking lot. Appellant did not know the purpose of their meeting until a day or two later when Cruz told him that it was to purchase narcotics. After Cruz re-entered appellant's car, they drove away and were pulled over by Officer Cockrill. When Cockrill approached him, appellant asked why he had been stopped. Cockrill told him that he had "changed lanes a couple times without signaling" and then told him to exit the car and put his hands on top of the car. Once he got out of the car, Cockrill began to "thorough[ly] search" him by putting his hands in his pockets. Appellant denied that he volunteered information to the officers regarding the methamphetamine. Cockrill found the glass pipe in his left pocket and a small baggie of methamphetamine in his right pocket.

Appellant filed a motion to suppress the methamphetamine, his statements and actions, and the testimony of the three police officers involved in the arrest. After a hearing, the trial court granted the motion with respect to appellant's statements in response to questions, but denied it as to the methamphetamine.

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App.

2013).   We review the trial court's factual findings for abuse of discretion and review the trial court's application of the law to the facts de novo.  *Id.*  Almost total deference should be given to a trial court's determination of historical facts, especially those based on an evaluation of witness credibility or demeanor.  *Gonzales v. State,* 369 S.W.3d 851, 854 (Tex. Crim. App. 2012).  At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility and may choose to believe or disbelieve all or any part of the witnesses' testimony.  *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Where, as here, a trial judge does not make explicit findings of fact, we review the evidence in the light most favorable to the trial court's ruling.  *Walter v. State*, 28 S.W.3d 538, 540 (Tex. Crim. App. 2000).  We will defer to the trial court's fact findings and not disturb the findings on appeal unless the trial court abused its discretion in making a finding not supported by the record.  *Cantu v. State*, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991).

## Motion to Suppress

In his sole point of error, appellant argues that the trial court erred in denying his motion to suppress with respect to the methamphetamine because it was the product of an improper custodial interrogation during which he was not advised of his legal rights, citing *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct.

1602, 1612 (1966). Appellant asserts that "the methamphetamine would not have been found and no conviction would have resulted if he had received *Miranda* warnings" and he felt he had "no choice" but to respond to Cockrill's inquiry about illegal substances because the question was "inseparably woven into Cockrill's absolutely legitimate inquiry regarding officer safety."[3] The State asserts in response that the search was consensual, it was incident to appellant's arrest for traffic violations, and, even if appellant's statements were made without *Miranda* warnings, the evidence obtained need not be suppressed.

The Fourth Amendment of the United States Constitution and article I, section 9 of the Texas Constitution protect against unreasonable searches and seizures by government officials.[4] *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *Atkins v. State*, 882 S.W.2d 910, 912 (Tex. App.—Houston [1st Dist.]

---

[3] We note that appellant's own testimony at the hearing on his motion to suppress that Officer Cockrill did not ask him any questions but immediately began searching him contradicts his argument on appeal that it was his answer to Cockrill's improper compound question about possession of anything illegal that "immediately resulted in his arrest."

[4] Appellant does not specifically state whether he believes that his federal or state constitutional rights were violated. When an appellant does not separately brief state and federal constitutional claims, we assume that he claims no greater protection under the state constitution than that provided by the federal constitution. *See Reed v. State*, 308 S.W.3d 417, 419 n.3 (Tex. App.—Fort Worth 2010, no pet.); *Varnes v. State*, 63 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Therefore, we will analyze appellant's claims under the Fourth Amendment of the United States Constitution, following guidelines set by the United States Supreme Court in interpreting the Fourth Amendment. *See State v. Guzman*, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998).

1994, pet. ref'd). Absent a few specifically established and well-delineated exceptions, a warrantless search is per se unreasonable. *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 1716 (2009) (citing *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967)). One of these exceptions is a "search incident to arrest." *See Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 2040 (1969). "Search of the person becomes lawful [without a warrant] when grounds for arrest and accusation have been discovered. . . ." *United States v. Robinson*, 414 U.S. 218, 232, 94 S. Ct. 467, 475 (1973). Consent to search is another exception to the constitutional requirement of a warrant and probable cause. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043–44 (1973); *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000).

Officer Cockrill testified that appellant consented to the search. He opined that appellant "[was not] a problem to deal with. He was quite polite actually." This was contradicted by appellant's testimony that Cockrill did not ask him any questions and he would not have been "dumb enough" to volunteer that he had a pipe and methamphetamine. The trial court is the sole and exclusive judge of the credibility of the witnesses. *Maxwell*, 73 S.W.3d at 281. Viewing the evidence in the light most favorable to the trial court's ruling, the trial court could have reasonably found that appellant consented to the search.

7

The Texas Transportation Code provides that a person commits a traffic violation if the person does not signal when intending to turn or change lanes. TEX. TRANSP. CODE ANN. § 545.104(a) (Vernon 2011). If a police officer observes a person committing a traffic violation, the officer is authorized to arrest the person without a warrant. *Id.* at § 543.001 (Vernon 2011); TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005); *Garcia v. State*, 218 S.W.3d 756, 760 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Probable cause for an arrest exists if the officer has a reasonable belief, based on the facts and circumstances within the officer's personal knowledge or of which the officer has gained trustworthy information, the defendant committed an offense. *See State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999); *Garcia*, 218 S.W.3d at 759-60 ("An arrest for a minor traffic violation is not an unreasonable seizure under the Fourth Amendment.") (citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 340, 354, 121 S. Ct. 1536, 1550, 1557 (2001); *State v. Gray*, 158 S.W.3d 465, 469 (Tex. Crim. App. 2005)). Incident to such an arrest, an officer may lawfully search the suspect's person. *Davis v. United States*, __ U.S. __, 131 S. Ct. 2419, 2424 (2011) ("a police officer who makes a lawful arrest may conduct a warrantless search of the arrestee's person"); *State v. Gray*, 158 S.W.3d 465, 470 (Tex. Crim. App. 2005).

Appellant does not contest that Officer Cockrill had probable cause to make the traffic stop of his car, and he stipulated that there were sufficient observations

8

by the police officers to make a pretext stop. In fact, appellant concedes that "the Police already had an adequate basis for stopping [a]ppellant's vehicle, either with or without any observed traffic violation." Appellant asserts, however, that there was not probable cause to "thoroughly search" him and he was arrested "for his truthful response to the subject question." The traffic violation that appellant committed was an arrestable offense. *See* TEX. TRANSP. CODE ANN. §§ 545.104(a), 543.001. In denying appellant's motion to suppress, the trial court impliedly found that the officers' testimony was credible and Cockrill had probable cause to believe appellant had committed a traffic offense. Both Officers Vaughn and Chaffin testified that they saw appellant commit several traffic violations by changing lanes without signaling. The record therefore supports the trial court's conclusion that Cockrill had probable cause to stop appellant. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). With probable cause to stop appellant's car and arrest him for traffic violations, Cockrill could lawfully search appellant. Cockrill testified that he detained appellant with the intent was to arrest him for traffic violations and his search of appellant was incident to that arrest.[5] Viewing the

---

[5] Appellant argues that the State's "search incident to arrest" arguments are negated because appellant was not ultimately arrested for the turn-signal violation or any other traffic offense. However, an officer's subjective reasons for a detention or arrest are not considered, and it is irrelevant if the officer stops or arrests a suspect for another reason. *See Garcia v. State*, 827 S.W.2d 937, 942 (Tex. Crim. App. 1992); *Walter v. State*, 28 S.W.3d 538, 543 (Tex. Crim. App. 2000).

9

evidence in the light most favorable to the trial court's ruling, the trial court could have reasonably concluded that Cockrill searched appellant incident to the arrest.

Appellant argues that the evidence obtained should be excluded because it was the result of a custodial interrogation without him being advised of his *Miranda* rights. *See Wong Sun v. United States*, 371 U.S. 471, 487–88, 83 S. Ct. 407, 417 (1963); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005). A defendant's statements made during a custodial interrogation must be suppressed if the defendant was not informed of his legal rights. *See Williams v. State*, 270 S.W.3d 112, 136 (Tex. Crim. App. 2008). Whereas statements taken in violation of *Miranda* must be suppressed, other evidence subsequently obtained as a result of those statements need not be suppressed. *Michigan v. Tucker*, 417 U.S. 433, 452, 94 S. Ct. 2357, 2368 (1974); *Baker v. State*, 956 S.W.2d 19, 22 (Tex. Crim. App. 1997). The rule articulated in *Wong Sun* requires suppressing the fruits of a defendant's statement only when the statement was obtained through actual coercion. *Tucker*, 417 U.S. at 448–449, 94 S. Ct. at 2365–67. Appellant makes no such argument, and the record does not reflect, any suggestion that Cockrill coerced appellant. Accordingly, we hold that the trial court did not err in denying appellant's motion to suppress the methamphetamine.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).